ANDREW A. BURNS, Appellant, *v.* SABENA BELGIAN WORLD AIRLINES et al., Respondents.

First Department, October 9, 1973.

*Murphy, Wilkenfeld & Maviglia* for appellant.

*Ronald H. Cohen* for respondents.

*Per Curiam.* In this article 78 proceeding, petitioner seeks an order pursuant to section 298 of the Executive Law vacating an order of the State Human Rights Appeal Board entered June 22, 1973. Respondent cross-moves for an order modifying and affirming the aforesaid order or, alternatively, to affirm said order dismissing the complaint.

Petitioner was formerly employed by respondent as its general sales manager from February 15, 1955 to August 15, 1970, and thereafter as consultant to February 15, 1971. When his services were terminated petitioner was employed by respondent as consultant. On February 19, 1971, respondent announced the appointment of a 35-year-old Belgian national as deputy general manager. As a result, on January 24, 1972, almost one year later, petitioner filed a complaint with the State Division of Human Rights charging respondent with an unlawful dis-

criminatory practice against him because of his age and national origin.

On February 17, 1972 there was a short conference which was adjourned to permit the division's staff to prepare an opinion on the question of timeliness and jurisdiction, both of which were raised by respondent. Respondent contended petitioner held two jobs, general sales manager and consultant, and if any discrimination occurred it occurred in August, 1970.

Thereafter, inquiry was made by letter addressed to respondent's counsel as to the nature of the two positions. Petitioner was not informed of this action. In a letter dated May 4, 1972, respondent's attorney distinguished the two positions held by petitioner. On May 26, 1972, the complaint was dismissed for lack of jurisdiction as untimely and further as a result of the investigation on the ground that no probable cause existed, as to any discriminatory practice.

On an appeal taken to the State Human Rights Appeal Board, both parties submitting on the record, the board, by order and decision dated June 22, 1973, unanimously reversed the division as to jurisdiction (timeliness) but split 2 to 2 on the question of probable cause for the dismissal as being arbitrary and capricious. Such a split resulted in an affirmation of the division's action. The dissenters noted that the investigation had been largely confined to the question of jurisdiction and that the duties of the positions respectively occupied by petitioner and his successor had not been fully investigated. One of the Commissioners concluded that the question as to whether petitioner's services had been terminated by reason of his age and national origin remained unanswered.

We agree with the dissenting view and the observation of the Commissioner. In so doing we do no more than hold that petitioner was not afforded an opportunity at a conference to offer whatever pertinent evidence he possessed in support of his complaint. Section 298 of the Executive Law provides, in part, "the findings of facts on which such order is based shall be conclusive if *supported* by sufficient evidence on the record considered as a whole". (Emphasis supplied.) Petitioner was not afforded the requisite opportunity to present his case at a formal conference, and such findings as might be included in the record are inadequate to meet the test of the substantial evidence rule.

The order of the Appeal Board should be annulled on the law, save as to jurisdiction on the question of timeliness, and the matter remanded to the division for the scheduling of an appro-

priate conference. The cross petition is dismissed. No costs are allowed to either party.

STEVENS, P. J., MARKEWICH, NUNEZ, MURPHY and STEUER, JJ., concur.

Determination of State Human Rights Appeal Board, dated June 22, 1973, unanimously annulled and vacated, on the law, without costs and without disbursements, save as to jurisdiction on the question of timeliness, and the matter remanded to the State Division of Human Rights for the scheduling of an appropriate conference, and the cross petition unanimously dismissed, without costs and without disbursements.