■  In the Matter of TONY NUZZO AND SONS, INC., Petitioner, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination and order of State Human Rights Appeal Board unanimously annulled, without costs, and determination of State Division of Human Rights reinstated. Memorandum: This is a proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board dated November 27, 1973, which vacated an order of the State Division of Human Rights dated March 22, 1973 and determined that the action of the division through its regional director was arbitrary, capricious and an unwarranted exercise of discretion, and remitted the matter for further proceedings. Petitioner, Tony Nuzzo and Sons, Inc., is a closely-held family corporation. Complainant, Delores Rivers, is a former employee. In her complaint she alleged that petitioner unlawfully discriminated against her and another female employee, Irene Ferlenda, by forcing Irene Ferlenda to resign and by replacing complainant with a male employee. The record shows that Irene Ferlenda is a member of the family which controlled the corporation and that she was not forced to quit

but left because of a family dispute. The record also shows that complainant's job was eliminated by the corporation because of the acquisition of an automatic billing machine. A male employee was hired by the corporation just prior to complainant's discharge, but he was hired as a salesman and did not replace complainant, who was a bookkeeper. We find no substantial evidence in the record from which a finding of discrimination based on sex can be reasonably drawn (*Bache & Co.* v. *State Div. of Human Rights,* 35 A D 2d 928, affd. 31 N Y 2d 1021; *Matter of Nescott of East Islip* v. *State Div. of Human Rights,* 35 A D 2d 573, affd. 27 N Y 2d 787; see *Matter of Holland* v. *Edwards,* 307 N. Y. 38, 44). In the absence of any affirmative showing of. discrimination, the Human Rights Appeal Board should not substitute its judgment for that of an employer on establishing hiring policies (*Matter of New York Tel. Co.* v. *Wethers,* 36 A D 2d 541, 542, affd. 30 N Y 2d 791). (Review of order of Appeal Board vacating division order which dismissed complaints.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.