STATE DIVISION OF HUMAN RIGHTS, Petitioner, *v.* BOARD OF EDUCATION, OLEAN PUBLIC SCHOOLS, Respondent.

Fourth Department, January 28, 1975.

*Bernard F. Ashe* (*Emanuel Tabachnick* of counsel), for petitioner.

*Hodgson, Russ, Andrews, Wood & Goodyear* (*H. Kenneth Schroeder, Jr.,* of counsel), for respondent.

GOLDMAN, J. In this proceeding pursuant to section 298 of the Executive Law petitioner seeks review of an order of the Human Rights Appeal Board which affirmed by a 2 to 2 vote an order of the State Division holding that a pregnant probationary school

teacher was not discriminated against by reason of sex. This decision upheld the Board of Education's (Board) refusal to credit complainant with the time she spent on a maternity leave of absence toward the fulfillment of her probationary period as a teacher in the same manner as the Board had allegedly credited sick leave time for nonpregnancy illnesses. This, petitioner asserts, is in violation of the Human Rights Law (Executive Law, art. 15) involving conditions and privileges of employment (Executive Law, § 296, subd. 1, par. [a]).

The chronology of complainant's hiring by the Board is significant. She was appointed an elementary teacher on April 16, 1968 and commenced teaching at the opening of the school year in September, 1968. At the date of her appointment she was required to serve in a probationary status for a term "not to exceed three years" (Education Law, § 2509, subd. 1). Complainant was granted a maternity leave of absence by the respondent Board on February 1, 1970 for a period of up to two years. She gave birth to her child on February 7, 1970, one month earlier than the normal and expected period of gestation. Because of health complications, and upon the advice of her physician, complainant was unable to return to her position until June, 1970. During that month she requested that her maternity leave be terminated and that she be permitted to resume teaching. At a special meeting on June 30, 1970 the Board approved the termination of her maternity leave as of the opening of the school year on September 1, 1970. Complainant resumed her teaching duties without incident until May 15, 1971 when the Board notified her that her "services in the Olean School District be terminated as of June 30, 1972".

Complainant contends that since she served more than three years in the same tenure area she had achieved tenure by estoppel and that she could not be dismissed without a hearing pursuant to section 3020-a of the Education Law. She advanced her contention by commencing a grievance proceeding through the established grievance machinery by her representative, the Olean Teachers' Association. However, she withdrew her grievance before it reached the arbitration stage and proceeded to contest her termination by filing a notice of petition and petition with the State Commissioner of Education. The commissioner on January 2, 1973, by written decision and findings, upheld the action of the Board. Immediately upon receipt of the commissioner's determination complainant instituted the instant proceeding claiming unlawful discrimination based upon sex.

Before considering the merits of complainant's position we direct our attention to the statutory provisions concerning tenure and probationary status. The probationary period had been three years until it was increased to five years by the Legislature by chapter 116 of the Laws of 1971, effective May 9, 1971. However, in the same year the Legislature, in chapter 1102, deferred the effective date to October 1, 1971. In 1972 the Legislature amended chapter 116 by the adoption of chapter 953 of the Laws of 1972. This change provided that the probationary term of a teacher who had been appointed prior to May 9, 1971 and which term would expire after that date, but on or before June 30, 1972, was deemed to terminate on June 30, 1972. Notice of tenure decisions for teachers who fell into this group was permitted to be made until July 31, 1972. The provisions of chapter 953 were made retroactive and were '' deemed to have been in full force and effect on May ninth, nineteen hundred seventy-one '' (L. 1972, ch. 953, § 8) . Section 7 of chapter 953 provided that '' this act shall not apply to any school district employee holding tenure in a position on October first, nineteen hundred and seventy-one during such employee's continued service in that position ''. Finally, in 1974 the Legislature again amended the sections of the Education Law with which we are concerned by the adoption of chapter 735 of the Laws of 1974 (eff. Oct. 1, 1974) and reduced the probationary period from five years to three years, thus coming full circle with respect to the length of time to be served as a probationary teacher prior to being considered for tenure.

Inasmuch as chapter 1102 of the Laws of 1971 deferred the effective date from May 9, 1971 to October 1, 1971, the lengthening of the probationary period to five years does not affect complainant's position. It is agreed that if complainant had taken no leave of absence, she would have completed her three years of service prior to October 1, 1972. Furthermore, in her petition complainant '' has conceded the validity of that termination *if the time spent in maternity leave is not to be \credited* ''. (Emphasis supplied.) Thus, the question we must resolve is simply whether the maternity leave time which complainant took should have been credited to her in computing the length of time she spent in service as a probationary teacher. It is on this issue that complainant contends that the failure of the Board to credit her with this maternity leave time denied her equal protection of the law and, more specifically, violated the Human Rights Law prohibition against discrimination in employment based on sex.

Respondent Board at the outset asserts a threshold objection to jurisdiction claiming that the Division of Human Rights has no authority to act in this matter. It contends that under the Education Law the Commissioner of Education has exclusive jurisdiction over questions of probationary status and tenure. We cannot agree with this position. In *Matter of Board of Educ.* v. *State Div. of Human Rights* (38 A D 2d 245, 249) we explicitly held that " a party dissatisfied with the determination of the Commissioner may appeal to the State Human Rights Appeal Board ". (See, also, *Board of Educ.* v. *New York State Div. of Human Rights,* 42 A D 2d 49.)

This brings us to the central question: whether as a matter of law it can be determined that no probable cause exists to believe the allegations in the complaint that complainant was discriminated against on account of sex by the Board's refusal to credit her with the time spent on her maternity leave toward the completion of her three-year probationary term. The Division made its determination without a hearing and such action, complainant argues, was arbitrary and capricious. In *Mayo* v. *Hopeman Lbr. & Mfg. Co.* (33 A D 2d 310, 313) we stated that " for the Division to dismiss his complaint under such circumstances [without a hearing] it must appear virtually that as a matter of law the complaint lacks merit ". In the instant proceeding no opportunity was given complainant to present her case in a formal manner and she further objects to the way in which the Division made its field investigation following which it made its finding of no probable cause. She claims that she was never interviewed by the investigator and was not advised of any evidence adverse to her complaint. She complains that as a part of the investigation complainant should have been given an opportunity to meet with the Board to advance her point of view. To dismiss her complaint in this summary fashion, complainant asserts, is tantamount to a determination that there was no merit whatsoever to her complaint and that it should be dismissed as a matter of law. This action, she contends, is arbitrary and capricious. With this we agree, and it requires an annulment of the Appeal Board's determination.

Within the last few years there have been several cases dealing with the question of sex discrimination with respect to maternity leave. None, however, has presented the fact situation which we have here. Courts of our State have properly turned away from their earlier refusal to treat maternity leave as they did other temporary disabilities. The Court of Appeals has stated " that the Human Rights Law requires that a

pregnant teacher who takes a pregnancy-related leave must be permitted to take advantage of her sick and sabbatical leave entitlements to the same extent as would be the case were she suffering from some other temporary physical disability (*Matter of Board of Educ. of City of N. Y. v. State Div. of Human Rights,* 35 N Y 2d 675, affg. 42 A D 2d 854).'' (*Union Free School Dist. v. New York State Human Rights Appeal Bd.,* 35 N Y 2d 371, 376.) (See, also, *Board of Educ. of Union Free School Dist. No. 22, Towns of Oyster Bay & Babylon* v. *New York State Div. of Human Rights,* 42 A D 2d 600, affd. 35 N Y 2d 677; *Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead* v. *New York State Div. of Human Rights,* 42 A D 2d 49, affd. 35 N Y 2d 674; *Camillus Cent. School Dist. No. 1* v. *State Div. of Human Rights,* 44 A D 2d 774; *Matter of Union Free School Dist.* v. *New York State Div. of Human Rights,* 43 A D 2d 31; *Matter of Board of Educ. of City of N. Y.* v. *State Div. of Human Rights,* 42 A D 2d 854.) A recent decision of the Supreme Court (*Cleveland Bd. of Educ.* v. *La Fleur,* 414 U. S. 632) struck down various school board rules and regulations which made distinction between maternity leave disabilities and others. The court held that the mandatory leave regulation of the school board was a denial of due process and equal protection, that there is a right to be free from unwarranted intrusion by a school board in matters so fundamentally affecting a person as the right to beget a child. Notwithstanding that the court approached the question primarily on due process and equal protection principles rather than resting its decision solely on a sex discrimination basis, it has a very direct bearing on the issue before us. Speaking for the majority, Mr. Justice STEWART said (p. 640): '' By acting to penalize the pregnant teacher for deciding to bear a child, overly restrictive maternity leave regulations can constitute a heavy burden on the exercise of these protected freedoms. Because public school maternity leave rules directly affect ' one of the basic civil rights of man,' *Skinner* v. *Oklahoma, supra* [316 U. S.] at 541, the Due Process Clause of the Fourteenth Amendment requires that such rules must not needlessly, arbitrarily, or capriciously impinge upon this vital area of a teacher's constitutional liberty.''

We recognize that there is a distinction between the Fourteenth Amendment, which permits rational bases for discrimination between classes of individuals, and the statutory standard of the Human Rights Law, which reflects a more positive and direct focus through the use of sanctions of a practice of employers which '' because of the  *  *  *  sex of any indivi-

dual * * * discriminate[s] against such individual in compensation or in terms, conditions or privileges of employment '' (Executive Law, § 296, subd. 1, par. [a]). Respondent's argument that there is no discrimination because the regulation applies only to women, and all as a class are treated equally, must be rejected. To claim that it is fair to deny maternity leave credit toward tenure because all female teachers are treated alike, and therefore there is no discrimination, is akin to stating that it is fair to treat all Blacks unjustly for all are treated similarly.

Having determined that maternity leave should be treated as all other disabilities, the question which is not answered in the record before us is — how are disability leaves considered in crediting the leave time toward probationary service. What is the practice of the Board in such a situation? Is there a time limitation beyond which no service credit is given for a disability absence? Having dismissed the complaint without a hearing, these questions remain unanswered. Respondent argues that complainant has been unable to cite instances of other teachers having been given credit toward tenure, except one case where tenure was granted notwithstanding illness absence of about four months during the probationary period. Complainant's absence during the school year which closed at the end of June was five months. There exist questions of fact which cannot be determined without a hearing, the principal question being — have other teachers received tenure despite temporary non-maternity illnesses resulting in five months' absence? Facts which establish the practices of the Board in crediting probationary time for sick leave periods are critical to the resolution of whether there was discrimination against complainant.

Before concluding, we note an erroneous impression created by respondent in its citation of *Matter of Mulholland* v. *Board of Educ. of Yorktown Cent. School Dist. No. 2* (70 Misc 2d 852, affd. 41 A D 2d 704) as authority for its position. In its brief respondent states that in *Mulholland* '' the Court clearly held that time spent on a maternity leave is not service which contributes toward the three-year probationary period ''. This statement severely overstates the court's decision, as does respondent's reference to the Commissioner of Education's quotation in *Matter of Luchans* (2 Ed. Dept. Rep. 424). The quotation from *Luchans* is only a portion of the pertinent statement and is taken out of context. The entire quotation is: '' It is well established that the period of time covered by a substantial leave of absence is not counted toward the completion

of a probationary term except in case of a military leave where the Military Law makes an express exception from such rule. *On the other hand,* isolated and insignificant periods of absence for illness cannot be considered in this connection. The record before me shows that the appellant was, in fact, absent well over nine months, i.e., practically a full school year on leaves of absence resulting from illness.'' (2 Ed. Dept. Rep. at p. 426.) (Emphasis added.)

This emphasizes the essential need for a full hearing. The instant proceeding thus presents the next logical step to be taken in the developing area of teacher maternity leaves and discrimination on account of sex.

The Appeal Board's determination should be annulled and the matter remitted to the State Division of Human Rights for a hearing.

MARSH, P. J., WITMER, CARDAMONE and SIMONS, JJ., concur.

Determination unanimously annulled with costs and matter remitted to the State Division of Human Rights for a hearing consistent with opinion by GOLDMAN, J.