■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v CITY OF NIAGARA FALLS et al., Petitioners.—Petition unanimously granted, without costs; order of State Human Rights Appeal Board annulled; order of State Division of Human Rights reinstated and determination confirmed. Memorandum:

On January 11, 1974 complainant, who is Black, filed a charge of discrimination in employment with the State Division of Human Rights, alleging that a decision by the City of Niagara Falls not to hire him as an administrative aide at the Niagara Falls International Convention Center was motivated by racial prejudice. The division conducted an investigation and on February 28, 1975 concluded that there was no probable cause to believe that a discriminatory practice had occurred. Complainant then filed an administrative appeal and on July 31, 1975 the State Human Rights Appeal Board remanded the case for further investigation on the grounds that the division's finding of no probable cause was arbitrary and an unwarranted exercise of discretion. In this proceeding, pursuant to section 298 of the Executive Law, the City of Niagara Falls seeks review of the appeal board's determination. The record shows that the division's initial investigation was thorough and that it covered interviews with several different persons familiar with the facts. It found that the reason complainant was not hired was because while his application was pending he made unfounded remarks before the Niagara Falls City Council that no Black had been appointed to a supervisory position at the convention center, and that no Black entertainer had been scheduled to appear at the facility. This does not constitute a prima facie case of retaliatory discrimination in violation of subdivision 7 of section 296 of the Executive Law. It was complainant's lack of judgment in making unsubstantiated allegations, not his public challenge to discriminatory hiring practices, that led to the decision that another person would be more capable of filling the administrative aide position. There is nothing in the record to justify the appeal board's action in remanding this case for a further investigation into the existence of probable cause (see *Matter of Nuzzo & Sons v State Div. of Human Rights*, 45 AD2d 921). (Proceeding pursuant to section 298 of the Executive Law.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.