STATE DIVISION OF HUMAN RIGHTS, Respondent, v MECCA KENDALL CORPORATION, Petitioner.

Fourth Department, July 12, 1976

*Drew & Drew (Dean Drew* of counsel), for petitioner.

*Lipsitz, Green, Fahringer, Roll, Schuler & James (Richard Lipsitz* of counsel), for Lewis Powers, complainant.

*Beverly Gross (Sara Toll East* of counsel), for respondent.

CARDAMONE, J. Mecca Kendall Corporation (Mecca) complainant's employer, seeks to annul the order of the State Human Rights Appeal Board which vacated the determination

of no probable cause made by the State Division of Human Rights and remanded the matter to the division for further proceedings.

The complainant, Lewis Powers, filed a complaint with the State Division of Human Rights in which he alleges that he worked for Mecca as a utility man from March 9, 1966 until he was laid off on October 12, 1972. He claims that another white employee laid off was later rehired and that Mecca subsequently hired several caucasians and assigned them duties formerly assigned to him. Complainant contends that he was not rehired because he is black. The company records show that Mecca has 17 employees, none of whom is Spanish-surnamed, black or of any minority group.

Following the filing of the complaint the division's field representative set a conference date at Mecca's offices but when he inquired as to allowing the complainant to participate in the investigation was advised by one of Mecca's officers that he "felt the complainant's presence would have a disrupting influence on the meeting". The investigation was conducted by field representatives without the complainant being present. Mecca denied the charge of discrimination and explained to the division's field investigator why complainant was not rehired. Complainant Power was thereafter called to the division offices to afford him an opportunity to respond.

Upon the evidence before it the division dismissed the complaint. Complainant appealed to the State Human Rights Appeal Board which remanded the proceeding to the division. Mecca appeals from this determination contending that there is no requirement for a confrontation conference between claimant and employer under section 297 of the Executive Law and that the appeal board had substituted its own judgment for that of the division.

We focus not on the merits of the complaint but on the scope of the State appeal board's power to review actions taken by the division. The scope of the board's review is limited by the statute. Section 297-a of the Executive Law empowers the board to remand a matter to the division for further proceedings, limiting its review, however, insofar as here pertinent, as to whether the order of the division is "not arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion" (Human Rights Law [Executive Law], § 297-a, subd 7, par e). The appeal board may not reverse a decision of the State Division of Human

Rights "in the interests of justice" *(State Div. of Human Rights v Genesee Hosp.,* 46 AD2d 729), nor may it substitute its judgment for that of the division *(State Div. of Human Rights v City of Niagara Falls,* 52 AD2d 1065; *Long Is. R.R. v New York State Div. of Human Rights,* 42 AD2d 857).

The appeal board did not improperly substitute its judgment in this case as to whether probable cause existed but, rather, found that the division had abused its discretion in failing to provide a confrontation hearing between the employee and the employer. Subdivision 2 of section 297 of the Executive Law merely provides that "[a]fter the filing of any complaint, the division shall promptly serve a copy thereof upon the respondent and all persons it deems to be necessary parties, *and make prompt investigation in connection therewith".* (Italics supplied.) A confrontation conference is not mandated by statute but is authorized under the regulations as an aid to eliminate the discriminatory practice complained of during the investigatory stage (9 NYCRR 465.4 [b]). Such conferences are generally held as a matter of routine. Such a conference was contemplated to be held in the investigatory stage of this case. The fact that it was not held was properly considered an abuse of discretion absent an explanation for the change in ordinary procedure. As noted by one of the board's members, since the elimination of the conference was occasioned by the bare assertion of the employer that the employee's presence would be a "disrupting influence", it might easily infer bias on the part of the employer. Moreover, and of more serious consequence, this kind of an accommodation gives the appearance that the division might be more favorably disposed towards the employer. Even the appearance of such partiality is contrary to the stated purpose of the Human Rights Law, to afford *equal rights* to all citizens of this State (Human Rights Law [Executive Law, art 15]), which policy the division is charged to effectuate (Human Rights Law, § 294).

Additionally, since the investigation in the present case involved separate meetings without formal or informal hearings held "[f]or the Division to dismiss his complaint under such circumstances it must appear virtually that as a matter of law the complaint lacks merit" *(Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313). The appeal board stated that many questions of fact remain unsolved and "we cannot say at this time that the complaint lacked merit". Thus in the

present posture of this case without the advantage of a full investigation which affords the parties an opportunity directly to confront the issues, the determination of the division is based upon a record which is inadequate to meet the test of the substantial evidence rule (Executive Law, § 298; *Burns v Sabena Belgian World Airlines,* 42 AD2d 347, 348).

In reviewing a determination of the State appeal board we must be mindful of the fact that the scope of our review is as limited as is the board's *(Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 57). Within such confines, the determination of the appeal board should be confirmed.

MOULE, J. P., SIMONS, MAHONEY and DILLON, JJ., concur.

Determination unanimously confirmed, without costs.