■ GEORGE CLARKE, Petitioner, v T.V.C. LAB INC., et al., Respondents. —Determination of State Human Rights Appeal Board, dated June 8, 1976, unanimously annulled and vacated, on the law, without costs and without disbursements, and the matter remanded to the State Division of Human Rights for the scheduling of an appropriate conference. Petitioner, who is Black, has been employed by respondent T.V.C. Lab Inc., as a film cleaner since 1968. He aspired to a promotion as a film developer which is a higher paid position. His application to be accepted for training for that job was turned down. Mr. Joseph Malazzo, who is white and who is said to have less seniority than Mr. Clarke, was accepted instead on June 10, 1974 and promoted to film developer on July 5, 1974. Petitioner's complaint to the division charging discrimination against him because of his race and color followed. An investigatory conference was held by the division on January 3, 1975. However, apparently due to aphasia, a condition from which he suffers, Mr. Clarke became distressed and the conference terminated without Mr. Clarke submitting any supporting or rebuttal evidence. An inter-office memo of the division giving reasons for the "no probable cause" finding states that the promotion had occurred after Mr. Clarke's aphasia attack. However, it significantly omits to state that Mr. Malazzo's selection for the requisite training for the position was made on June 10, 1974, some time before Mr. Clarke's illness. The appeal was decided by three members of the board. One member voted to affirm, and the other two voted to remand the matter to the division since the complainant had been given no opportunity to present his case or to rebut the allegations of the respondent. This 1 to 2 vote resulted in an affirmance since subdivision 1 of section 297-a of the Executive Law provides for a four-member board and subdivision 4 of section 297-a provides that a majority vote of the members of the entire board shall be necessary for a determination of an appeal. We agree with the view of the two board members who voted to remand. This record clearly shows that petitioner was not afforded an opportunity to offer whatever evidence he possessed in support of his complaint. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Nunez, JJ.

■ VIRGINIA MASTROS, Respondent, v GEORGE MASTROS, Appellant.— Judgment, Supreme Court, New York County, entered June 17, 1975, which granted the plaintiff wife's application for divorce and denied the defendant husband's counterclaim for a divorce and awarded alimony to the wife in the sum of $85 per week unanimously modified on the law, and the facts, and in the exercise of discretion to the extent of reducing the award for permanent alimony to $65 per week, and otherwise affirmed without costs or disbursements. Upon the record before us, giving due consideration to all of the relevant circumstances, the award of alimony was excessive and should be reduced to the extent provided for herein. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.