■ In the Matter of CARMEN ALTIERY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the State Human Rights Appeal Board, dated November 12, 1976, unanimously annulled, on the law, without costs or disbursements, and the matter remanded to the State Division of Human Rights for a hearing and for further proceedings not inconsistent herewith. The determination of respondent, State Division of Human Rights (the division), that there was a lack of probable cause to sustain petitioner's complaint that a human rights violation had taken place was made after an investigatory conference was held at which only repre-

sentatives of the respondent variety store, against whom the complaint was made, testified. Petitioner was not present nor was any evidence presented in her behalf. Although notice had been given, prior to the hearing, that petitioner was unavailable and would be unable to attend, the division, after unsuccessfully attempting to contact petitioner, decided to proceed in her absence. After the conference and before its determination was reached, petitioner called the division to advise that she was available for a hearing. Without further communication with her, the division made its determination. Petitioner thereafter unsuccessfully appealed the division's determination to the respondent State Human Rights Appeal Board. It cannot be said, as a matter of law, that the complaint filed by petitioner with the division, however inartistically drawn, lacked merit. In her complaint, petitioner unequivocally stated that the treatment she received, in being accused of shoplifting and told never to return to the store, was an act of unlawful discrimination, based on her race and color. Her complaint should not have been dismissed without affording her the opportunity to be heard. In such circumstances, the dismissal based on a one-sided presentation of the facts was arbitrary and capricious. *(Tenenbaum v State Div. of Human Rights,* 50 AD2d 257.) Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.