In the Matter of STEPHEN GREGORY, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding initiated in

this court pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, filed December 29, 1977, which affirmed a determination of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause to believe that respondent school district has engaged in an unlawful discriminatory practice. The petitioner, Stephen Gregory, an Episcopalian, filed a complaint with the State Division of Human Rights alleging that David Bray, Superintendent of the City School District of Albany, and Ruth Cohn, petitioner's immediate supervisor, had discriminated against petitioner because of his creed. The petitioner, a business teacher employed by the city school district, had been denied tenure and dismissed, while two female business teachers with less seniority had been retained. The division's investigator recommended the complaint be dismissed for lack of probable cause, and the division adopted the recommendation finding that the petitioner "was denied tenure and terminated due to his work performance." The State Human Rights Appeal Board affirmed. Upon the filing of a complaint the Division of Human Rights must make a "prompt investigation" to determine if there is probable cause to believe the charged parties have committed illegal discrimination (Executive Law, § 297, subd 2). If probable cause is found, the charges are litigated at a public hearing, on the basis of which the division makes a decision on the merits (Executive Law, § 297, subd 4, par a). Thus, the efficacy of the adjudicatory system is dependent upon the threshold investigation as to probable cause. In light of this, the Fourth Department has held that: "before determining whether there is probable cause for a complaint, the commissioner should give a complainant full opportunity to present on the record * * * his charges * * * including the right to submit all exhibits * * * and testimony of witnesses in addition to his own testimony. * * * the commissioner, of course, should [also] interview respondent's witnesses". *(State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 336.) The division's own rules allow the complainant an opportunity to rebut the respondent's answer before the probable cause determination is made (9 NYCRR 465.5 [c]). Such rebuttal is ordinarily presented at a "confrontation conference", with all parties to the complaint present. Although not explicitly mandated by the statute, such a conference is authorized by the regulations (9 NYCRR 465.6 [b]) and is "generally held as a matter of routine". *(State Div. of Human Rights v Mecca Kendall Corp.,* 53 AD2d 201, 203.) Determinations by the division or the appeal board of no probable cause have been overturned as capricious where the underlying investigation was one-sided and abbreviated either for failure to hold a confrontation conference or to examine witnesses crucial to complainant's case *(Matter of Altiery v State Div. of Human Rights,* 61 AD2d 780; *Papeskov v State Div. of Human Rights,* 60 AD2d 545; *Long Is. R. R. v New York State Human Rights Appeal Bd.,* 59 AD2d 924; *Clarke v T.V.C. Lab,* 54 AD2d 675; *State Div. of Human Rights v Mecca Kendall Corp.,* 53 AD2d 201, *supra; Tenenbaum v State Div. of Human Rights,* 50 AD2d 257; *State Div. of Human Rights v Board of Educ.,* 46 AD2d 483; but see *State Div. of Human Rights v Bond, Schoeneck & King,* 52 AD2d 1045). In the instant case, petitioner alleges and the record indicates that no conference with all principals present was ever held. Neither was he given an opportunity to rebut the respondents' answers to his complaint. More important, the investigator failed to investigate the most important of petitioner's factual allegations, i.e., that he had received favorable evaluations from supervisor Cohn until the 1975-1976 school year when a reduction in the business education staff was imminent. The evaluations of petitioner allegedly turned

negative at the same time those of Ms. Cohen and Ms. Yallabondi were little less than glowing. Petitioner cites instances in which another teacher received an attendance rating of "outstanding" for four absences while he, with one absence, was rated "satisfactory". A responsible investigator would have obtained or attempted to obtain the pre-1975 evaluations which inexplicably were absent from the petitioner's personnel file. Finally, the investigation was inadequate in that supervisor Cohn was never interviewed. In addition to the allegations concerning her evaluations of petitioner, it is alleged that she persuaded one of the school's principals who voted on petitioner's tenure application to change his vote from approval to disapproval. The investigator apparently based his conclusion of no probable cause on an interview with Superintendent Bray, who had no direct knowledge of the issues. The investigation was inadequate (cf. *Tenenbaum v State Div. of Human Rights, supra)* and the determination should, therefore, be annulled and the matter should be remitted for further proceedings. Petition granted, with costs; determination annulled and matter remitted to the Division of Human Rights for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.