CLAUDE MAYO, Complainant, *v.* HOPEMAN LUMBER & MANUFAC-
TURING COMPANY, INC., et al., Respondents.

Fourth Department, February 19, 1970.

*Claude Mayo,* complainant in person, and *Ray Ellis Green* for complainant.

*Thomas P. McMahon* for Union, respondent.

WITMER, J. The resolution of this appeal requires analysis and construction of article 15 of the Executive Law, entitled Human Rights Law, as amended by chapter 958 of the Laws of 1968, and by chapter 359 of the Laws of 1969, particularly sections 297, 297-a and 298 thereof.

Pursuant to subdivision 7 of section 297-a and section 298 of the Executive Law, the State Human Rights Appeal Board reviewed the determination of the State Division of Human Rights made through its Regional Director who had found that there was no probable cause to believe that respondents had engaged in unlawful discriminatory practice with respect to the complainant, and dismissed the complaint. Claimant was employed as an apprentice carpenter through the efforts of a Carpenters' Joint Apprenticeship Committee and the United Brotherhood Carpenters and Joiners of America, Local No. 1577. A dispute having arisen between him and a co-worker and foreman, an informal hearing was held by the Joint Apprenticeship Committee. The committee subsequently decided to discharge complainant.

Complainant instituted a proceeding before the State Division of Human Rights by filing on February 17, 1969, a written complaint pursuant to section 297 of the Executive Law. Subdivision 2 of said section provides that promptly after a complaint is filed the Division shall serve a copy thereof upon respondent and all persons it deems to be necessary parties, and make prompt investigation in connection therewith and determine whether it has jurisdiction and whether there is probable cause to believe that respondent has engaged in an unlawful discriminatory practice. Pursuant thereto the Regional Director of the Division at Buffalo on the day of filing said complaint gave notice to each respondent named therein that the complaint had been filed and that the Division was starting the necessary investigation.

Section 297 (subd. 3, par. a) provides that if the circumstances warrant, the Division may " endeavor to eliminate such unlawful discriminatory practice by conference, conciliation and persuasion." Apparently pursuant to the latter provision the Division, through its Regional Director, gave notice to the parties to the complaint that a conference had been " sched-

uled as a continuing part in the investigation" of this complaint for March 14, 1969 at 9:30 A.M.; and at that appointed time the "conference" was begun, and it was so denominated in the minutes thereof. Verbatim statements were not recorded in the minutes, and it is clear that the minutes are fragmentary, with much omitted. The parties, officers of parties, and some other persons having knowledge of the dispute were present, and they recounted their views to the Director. The Director also accepted unsworn written statements of absent persons, and the minutes of the Carpenters' Joint Apprenticeship Committee meeting were received by him.

At the conclusion of the conference the Director said in part, "I'm going to reserve determination this day and I'm going to make it in three days. If I find in going over the record again the evidence as submitted throughout the conference we had this morning, does not credit the allegations, I would have to rule no probable cause. In doing so, Mr. Mayo would be called in and would be advised of the determination; (and) would have explained to him the reason why this Division has ruled no probable cause. This is purely an administrative procedure and if he is not in agreement with my decision of no probable cause, he then has the right to appeal to the Review Board."

He went on to explain the procedure in the event that he should find that there was probable cause. In the quoted conclusion of the Director he was following the last sentence of subdivision 2 of section 297 of the Executive Law, and his reference to complainant's right to appeal to the Review Board was pursuant to section 297-a (subd. 6, par. c; subd. 7) of that law. Subdivision 7 provides in part as follows:

"The board may affirm, remand or reverse any order of the division or remand the matter to the division for further proceedings in whole, or with respect to any part thereof, or with respect to any party, provided however that the board shall limit its review to whether the order of the division is:

"a. in conformity with the constitution and the laws of the state and the United States; * * *

"d. supported by substantial evidence on the whole record; or

"e. not arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"The division shall be bound by the decision of the board except to the extent such decision is reversed or otherwise modified by a court of competent jurisdiction pursuant to this article."

Section 298 of that law provides, among other things, the method for judicial review of the decision of the Appeal Board.

Section 297 (subd. 4, par. a) of the Executive Law provides that, "Within sixty days after a complaint is filed * * * unless the division has dismissed the complaint or issued an order stating the terms of a conciliation agreement not objected to by the complainant ['' or within thirty days after the board has reversed and remanded an order of the division dismissing a complaint for lack of jurisdiction or for want of probable cause ''], the division shall cause to be issued and served a written notice, together with a copy of such complaint, as the same may have been amended, requiring the * * * respondents to answer the charges of such complaint and appear at a public hearing before a hearing examiner at a time not less than five nor more than fifteen days after such service and at a place to be fixed by the division and specified in such notice."

It is clear that the statute contemplates preliminary investigation, conference and action by the Division, and if the complaint is not dismissed or a conciliation agreement is not reached, then respondents must be given an opportunity to answer and a public hearing must be held. Recognition of this procedure is important in construing section 297-a (subd. 7, pars. d, e), quoted above. The substantial evidence test contained in paragraph d relates to the determination by the Division upon the record after a public hearing. The test as to whether the action of the Division is arbitrary, capricious, etc. contained in paragraph e relates to a determination by the Division prior to a hearing, as was made in this case. Thus, the question presented to the Appeal Board was whether the determination of the Division was arbitrary, capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

It must be borne in mind that the Division, through its Director, received information concerning the complaint by holding the conference and by investigation, but there has been no hearing, and complainant has had no opportunity to present his case in a formal manner. For the Division to dismiss his complaint under such circumstances it must appear virtually that as a matter of law the complaint lacks merit. The record, such as it is, will not permit such a conclusion. A question of fact is presented requiring a hearing, and the Appeal Board was correct in determining that the action of the Division through its Regional Director was arbitrary and capricious (see *Matter of Koster* v. *Holz*, 3 N Y 2d 639; 1 N. Y. Jur., Administrative Law, §§ 181–191).

The determination of the Appeal Board should, therefore, be confirmed, and if the Division has exhausted its efforts at conciliation under section 297 (subd. 3, pars. a, b, c) of the Executive Law, it should proceed in accordance with paragraph a of subdivision 4 of that section.

GOLDMAN, P. J., DEL VECCHIO, GABRIELLI and BASTOW, JJ., concur.

Determination of Appeal Board unanimously confirmed, with costs to complainant against respondent Union.