In the Matter of SPERRY RAND CORPORATION, Petitioner, v. STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated November 28, 1973, which affirmed an order of the State Division of Human Rights, dated February 28, 1973, finding, *inter alia*, that petitioner discriminated against the complainant, Mayfield White, by failing to promote him to the position of automatic turret lathe operator, because of his race and color, in violation of the Human Rights Law (Executive Law, art. 15), and awarding compensatory damages in the amount of $840.42. Petition granted and both orders annulled, on the law, without costs. Sometime in early 1971 petitioner discovered that its only automatic turret lathe operator, one Santorelli, was going to retire. In order to replace him, petitioner, in adherence to its bargaining agreement with the union, offered the position to its hand turret lathe operators. They refused. Since no one possessed "recall" rights to the job, petitioner accepted bids from anyone in its employ. The complainant, a black man, and another white employee bid for the position. A company supervisor prepared a test and propounded certain questions concerning the machine to each man. The complainant either answered all questions incorrectly or refused to answer. The white man also failed to give correct answers and he, in fact, withdrew before all questions were asked. Both men were rejected for the job. Finally, one Stephen Krall, a white man, appeared at petitioner's offices and was interviewed. Krall, although not in petitioner's employ, had many years ago operated hand turret lathe machines for petitioner. Additionally, he had for several years operated automatic turret lathes for other companies. He was asked the same questions, answered them all correctly and was hired. Upon a complaint, and after a hearing, the State Division of Human Rights found that petitioner had discriminated against the complainant. The record is clear that at the time the complainant and the first above-mentioned white man bid for the job, Santorelli was about to retire and, therefore, petitioner would have no experienced automatic turret lathe operators. Petitioner needed a replacement and experience on the particular machine was essential. It must be noted that the same allegedly tainted test was given to all three men, with the position given to the only man who had automatic turret lathe experience, the only man to answer the questions correctly. The fact that he happened to be a white man does not evidence discrimination toward the complainant. It is not for the Human Rights agency to substitute its judgment "for that of the employer in establishing policies for hiring, training, and promotion in the absence of any showing of discrimination by reason of race or color" (*Matter of New York Tel. Co.* v. *Wethers*, 36 A D 2d 541, 542, affd. 30 N Y 2d 791). The burden of establishing discrimination is upon the complainant and he must establish that he was rejected solely "because of his race and color" (*Matter of Antarenni Ind.* v. *State Human Rights Appeal Bd.*, 38 A D 2d 948). This the complainant has failed to do. Hence, the within record is totally devoid

of any proof to substantiate the Appeal Board's decision. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.