LOUIS TENENBAUM, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

First Department, December 18, 1975

*Louis Tenenbaum,* petitioner *pro se.*

*Per Curiam.* By this proceeding brought pursuant to section 298 of the Executive Law, petitioner seeks to annul a determination of the State Human Rights Appeal Board which affirmed (by a 3 to 1 vote) an order of the State Division of Human Rights dismissing the complaint.

Petitioner initially filed a complaint with the State Division of Human Rights alleging discrimination in that he was fired from his position as a doorman because of his age. It was alleged in the complaint that the superintendent of the building made specific references to petitioner's age and that the superintendent could "get a younger man to" do the work. Shortly after the complaint was filed, petitioner received a letter from the regional director stating that: "A conference on your complaint will be held at the Division Office, 1029 East 163rd Street, Bronx, New York, 10459 on Wednesday, November 13, 1974 at 10:00 A.M." The conference was thereafter held and was attended by the respondent owner. The respondent superintendent and the petitioner did not attend.

It appears, however, that the superintendent was no longer in the owner's employ and it also appears that petitioner's failure to attend was occasioned by some misunderstanding. We note that the misunderstanding may well have been engendered by the fact that the letter informing petitioner of the conference did not indicate that petitioner's attendance was required or that he even had the right to attend.

At the conference the respondent owner denied that petitioner was fired because of his age and claimed that petitioner was, in fact, discharged because he had misappropriated certain Christmas gifts (moneys) which he had been holding for a fellow employee. The respondent owner also introduced exhibits with respect to a complaint petitioner had made to the National Labor Relations Board, which complaint was dismissed. Further exhibits were offered with respect to a complaint made to the City Commission on Human Rights regarding a charge of discrimination based on creed.

After the conference the Division of Human Rights concluded that there was a lack of probable cause to support petitioner's claim of discrimination and that the "investigation disclosed that the complainant was discharged when * * * he was found to be not trustworthy because he withheld monies belonging to co-workers." Subsequently, petitioner appealed to the State Human Rights Appeal Board. On that appeal petitioner's counsel submitted a brief pointing out that petitioner had been employed at the subject premises for eight and one-half years without any prior charges of misconduct. It was stated that the claim of misappropriation concerned petitioner and one other fellow employee and that the sums involved were not only minimal but that the reason petitioner failed to turn the moneys over was because of the fact that there was a conflict in the work schedules of the petitioner and the fellow employee. And, it was further pointed out that petitioner did attempt to turn the moneys over but when the fellow employee refused the moneys, they were returned to the tenants. Counsel also noted, as above discussed, that complainant did not attend the preliminary conference held by the regional director because he (petitioner) was "under the mistaken impression that it was not necessary for him to attend and that the purpose was merely 'to talk about this matter'."

As indicated previously, the Appeal Board affirmed the order dismissing the complaint and stated that there was "no

evidence in the record to support the charge that respondent discriminated against the complainant because of his age." Based upon the entire record, we conclude that the determination was arbitrary and capricious. The dismissal of the complaint by the division was based upon an investigation which was abbreviated and one-sided and resulted in a record which did not afford a reasonable basis for an administrative determination (cf. *State Div. of Human Rights v Burnett Constr. Co.,* 41 AD2d 1022). "For the Division to dismiss [a] complaint under such circumstances it must appear virtually that as a matter of law the complaint lacks merit." *(Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313; *Matter of Rodriguez-Abad v Hurst,* 49 AD2d 115.) Here, however, the record indicates that there were unresolved factual issues which could not be determined without according petitioner a complete and unequivocal right to be present at the preliminary conference. (Cf. *State Div. of Human Rights v Board of Educ., Olean Public Schools,* 46 AD2d 483.) Indeed, petitioner's specific allegations concerning the animus of the respondent superintendent were met "not [by] answers—[but] only [by] mere denials." (Dissent of Chairman Hurst.) As noted by Chairman Hurst, the "[r]espondent [superintendent] was not seen, written or talked to by the Division regarding this matter. And, [t]he owner offered little or no evidence on the question of why appellant was terminated in February for an act which allegedly occurred in December." Further, the determination of the National Labor Relations Board did not involve the issue of age discrimination and was not binding on the division. The claim of discrimination made before the City Commission on Human Rights also involved other issues and, in any event, there is nothing in the record to indicate what determination was made in that matter. And, while the respondent owner submitted a letter from one of the doormen with respect to the claim of misappropriation, that doorman was never interviewed or contacted by the division. Accordingly, as already indicated, it cannot be said as a matter of law that the complaint lacked merit and it was therefore improper to dismiss for lack of probable cause.

Accordingly, the petition should be granted and the determination of the State Human Rights Appeal Board dated May 16, 1975, which affirmed (Chairman Hurst, dissenting) the order of the State Division of Human Rights dated November 20, 1974, dismissing the complaint, and that order should both be annulled on the law, without costs or disbursements, and

the matter remanded to the State Division of Human Rights for a proper investigative conference and for further proceedings not inconsistent with the opinion of this court.

MURPHY, J. P., TILZER, LANE, NUNEZ and LYNCH, JJ., concur.

Petition granted, the determination of the State Human Rights Appeal Board and the order of the State Division of Human Rights are both unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the State Division of Human Rights for a proper investigative conference and for further proceedings not inconsistent with the *Per Curiam* opinion of this court filed herein.