■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated May 16, 1975, which affirmed a determination of the State Division of Human Rights, dated February 21, 1974, dismissing, after an investigation and upon a finding that no probable cause existed, the complaint of an unlawful discriminatory practice relating to employment because of race and color. Determination annulled, on the law, without costs or disbursements, and petition granted to the extent of remanding the matter to the State Division of Human Rights for a full evidentiary hearing. The complainant, a Black man employed by respondent Nassau County Civil Service Commission, filed a verified complaint with the State Division of Human Rights charging that respondents had removed him from his position as Personnel Specialist III in the Examination Division and had transferred him to recruitment, although he did not

request such a transfer and had seniority over the Caucasian employees who were permitted to remain; that, although classified as a professional, he was given a clerk-typist desk and chair located in the center of the clerical area away from the other professionals; and that he was subjected to constant and unexplained harassment from his superiors. After a preliminary investigation, the State Division of Human Rights determined that no probable cause existed to believe that respondents engaged in an unlawful discriminatory practice; accordingly, the complaint was dismissed. On appeal, the State Human Rights Appeal Board affirmed the determination, with two of its members dissenting. The dissenters were of the opinion that the record contained merely respondents' statements that they did not discriminate and that the order of the State division dismissing the complaint was an arbitrary and unwarranted exercise of discretion. We agree with the dissenting members of the appeal board. Pursuant to section 298 of the Executive Law, the findings of fact on which an order of the appeal board is based "shall be conclusive *if supported by sufficient evidence* on the record considered as a whole" (emphasis supplied). The record before us does not meet that requirement. Conclusory statements offered by respondents are not sufficient to satisfy us that no probable cause existed to believe that they had engaged, or are engaging, in an unlawful discriminatory practice. At the least, a full evidentiary and public hearing should be held at a place designated by the State division. Margett, Damiani and Rabin, JJ., concur; Martuscello, Acting P. J., and Cohalan, J., dissent and vote to confirm the determination.