■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v BOND, SCHOENECK & KING, Petitioners.—Petition unanimously granted, without costs; order of State Human Rights Appeal Board annulled; order of State Division of Human Rights reinstated and confirmed. Memorandum: In April, 1974 respondent filed a complaint against petitioners with the State Division of Human Rights, seeking damages for unlawful discrimination in hiring.

Following its investigation the division concluded that there was no probable cause to believe that petitioners had engaged in the unlawful discriminatory conduct asserted, and it dismissed the complaint. Respondent appealed that determination to the State Human Rights Appeal Board. The board vacated the division's determination and remanded the matter for further proceedings. In its decision the board noted that respondent was denied a confrontation conference and stated that where a complaint "such as the instant one, has merits, the complainant should be afforded an opportunity to present his * * * case in order to substantiate his allegation." Petitioners bring this proceeding pursuant to section 298 of the Executive Law. The board concluded that the division's judgment was arbitrary and capricious (see Executive Law, § 297-a, subd 7, par e). Our review and consideration of the record, however, reveals no evidentiary support for the board's order (see Executive Law, § 298). Following respondent's allegation of discrimination, the division commenced a full investigation. Not only does this record fail to indicate any unlawful discriminatory conduct on the part of the petitioners, but it fails to show that respondent had actually applied for a legal position with petitioners' firm during the period stated. We note that respondent volunteered to document his complaint with affidavits, mail receipts and copies of his alleged applications for employment. Despite ample opportunity to do so, respondent never produced any such documentation. In fact, the sole extant letter of application is dated after the complaint was filed. This record, considered in its entirety, raises no factual issue relating to respondent's claim that petitioners unlawfully discriminated against him and "By vacating the division's order of dismissal, the board impermissibly exceeded the limited scope of its own review and arbitrarily substituted its own judgment for that of the division." *(Long Is. R. R. Co. v State Div. of Human Rights,* 42 AD2d 857.) Under the circumstances of this case a confrontation conference is not required. Section 297 (subd 3, par a) of the Executive Law does not mandate that the division convene a confrontation conference in connection with every accusation. Where, as here, it appears as a matter of law that the complaint lacks merit and fails to raise genuine factual issues, no such conference is required *(Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313). (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.