STATE DIVISION OF HUMAN RIGHTS ET AL., RESPONDENTS, V NEW YORK STATE DRUG ABUSE CONTROL COMMISSION, Petitioner.

Fourth Department, November 14, 1977

*Douglas A. Eldridge* for petitioner.

*Beverly Gross* for State Division of Human Rights, respondent.

*James C. Speller,* respondent *pro se.*

WITMER, J. In this appeal we revisit *Mayo v Hopeman Lbr. & Mfg. Co.* (33 AD2d 310) and give further consideration to the duties of the Commissioner of the Division of Human Rights under subdivision 2 of section 297 of the Executive Law with respect to a finding of no probable cause for the complaint.

For some years respondent, James C. Speller, a Black, was

employed by petitioner, State Office of Drug Abuse Services, at the latter's Masten Park Community Rehabilitation Center in Buffalo, and in 1974 he was a Chief Narcotics Correction Officer in charge of a department therein. In that year he had some health problems, and he was absent from his office all of some days and parts of other days. His director issued a directive that each of the center's staff must utilize a form, entitled "Request for Time Off Duty", whenever such member was not to be present during normal working hours. During this period respondent Speller had initiated grievance proceedings against petitioner under the collective bargaining agreement executed by petitioner.

Because of Speller's continued absences, he was ordered to take a leave of absence and have a medical examination; and pursuant thereto he was off work from September 16, 1974 until January, 1975. In December, 1974 he notified the director that his health would permit him to return to work and he asked to return. He was advised to submit to a medical examination at the employee health center for confirmation of the condition of his health. He thereupon, on January 9, 1975, filed a complaint with the State Division of Human Rights of racial discrimination against him, and he ceased pursuing remedies via his complaint of grievance under the collective bargaining agreement.

The division promptly began an investigation into Speller's complaint, conferring with representatives of his employer and with him and receiving a great number of exhibits relative to the complaint. Before the division made a determination on this complaint, on March 5, 1975 Speller filed another complaint against his employer, claiming retaliation against him because he filed his original complaint. The division also promptly began to investigate this second complaint, conferring with the parties as before and receiving many exhibits relative thereto.

On April 29, 1975 the division rendered its decision on the January complaint, finding no probable cause therefor, dismissing the complaint and closing the file. On July 16, 1975 the division rendered its determination on the March 5, 1975 complaint of retaliation, finding no probable cause therefor, dismissing the complaint and closing the file. Speller took an appeal from these two determinations to the State Human Rights Appeal Board, respondent herein. On April 13, 1977 that board decided that the determination of the division,

dated July 16, 1975, was arbitrary and capricious and an unreasonable exercise of discretion, and that there is probable cause for Speller's complaint of retaliation. On June 10, 1977 respondent board decided that the determination of the division, dated April 29, 1975 was arbitrary and capricious and an unreasonable exercise of discretion and that there is probable cause for Speller's complaint of unlawful discrimination against him; and in each instance the board reversed the determination of the division and remanded the proceeding to the division for other proceedings, "pursuant to the Human Rights Laws".

The records in these two appeals show an in-depth inquiry by the division into the facts of Speller's complaint in each case, as provided in subdivision 2 of section 297 of the Executive Law. It is clear that complainant Speller had ample opportunity during each investigation to present his contentions and his evidence, including manifold exhibits, the contents of which are undisputed. A review thereof in this court shows that the division did not act arbitrarily or capriciously. There was abundant evidence to support the determination, in each case, of no probable cause for the complaint. In other words, there was a rational basis for such determinations (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232).

The reversal and remand by respondent appeal board for further proceedings "pursuant to the Human Rights Law" is interpreted by us as ordering the division to conduct a public hearing pursuant to section 297 (subd 4, par a) of the Executive Law. This causes us to review the scheme of proceedings under section 297 of the Executive Law as we did in *Mayo v Hopeman Lbr. & Mfg. Co.* (33 AD2d 310, *supra),* in light of experience and decisions since *Mayo.* We there held that if and when a question of fact was discerned in the investigation of a complaint under subdivision 2 of section 297 of the Executive Law, the division must conduct a public hearing on the complaint under paragraph a of subdivision 4 of that section (see, also, *Glen Cove Public Schools v New York State Human Rights Appeal Bd.,* 58 AD2d 591). In reconsidering that holding in light of the scheme of the statute we conclude that subdivision 2 thereof requires further interpretation. That statute, and subdivision 2 thereof especially, places upon the commissioner the duty to "make prompt investigation" of the complaint and to "determine whether * * * there is probable cause to believe that the person named in the

complaint [respondent] * * * has engaged or is engaged in an unlawful discriminatory practice. If it [the division] finds with respect to any respondent that * * * probable cause does not exist, the commissioner shall issue and cause to be served on the complainant an order dismissing such * * * complaint". Thus, the statute places responsibility on the commissioner to investigate and, if he finds that no probable cause exists for the complaint, to dismiss the complaint.

The statute does not spell out the manner in which the commissioner shall conduct his investigation to determine whether there is probable cause for the complaint.* Reading subdivision 2 of section 297 with paragraph a of subdivision 4 thereof as well as the other subdivisions of such section and section 297-a (subd 7, par e) of the Executive Law, we think it clear that the Legislature intended that before determining whether there is probable cause for a complaint, the commissioner should give a complainant full opportunity to present on the record, though informally, his charges against his employer or other respondent, including the right to submit all exhibits which he wishes to present and testimony of witnesses in addition to his own testimony. In the course of investigating the complaint the commissioner, of course, should interview respondent's witnesses and receive its responses to the complaint. At this point, the statute places upon the commissioner the responsibility to determine whether there is a reasonable basis for sustaining the complaint, based upon complainant's evidence, and for requiring the employer to answer and submit to a hearing under section 297 (subd 4, par a).

In *Mayo v Hopeman Lbr. & Mfg. Co.* (33 AD2d 310, *supra)* it was not our intention to deprive the commissioner of his statutory duty to make such a determination at that point. Thus, after the commissioner has made a full investigation, wherein the complainant has had full opportunity to present his evidence and exhibits, under oath if he so requests, if the commissioner determines that complainant has not shown probable cause for his complaint, the appeal board has no authority to reverse such determination and order a public hearing under section 297 (subd 4, par a), provided that the commissioner's determination is rationally supported by the

---

* See, also, Executive Law, §§ 293, 295, subds 5, 6, 7; Rules of Practice for Division of Human Rights, 9 NYCRR 465.1 [a], 465.4.

record before him *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232, *supra; State Div. of Human Rights v City of Syracuse,* 57 AD2d 452, 455 *Grumman Aerospace Corp. v New York State Human Rights Appeal Bd.,* 54 AD2d 958; Executive Law, § 297-a, subd 7, par e; and, see, *State Div. of Human Rights v Columbia Univ. in City of N.Y.,* 39 NY2d 612, mot for rearg den 40 NY2d 846, cert den *sub nom. Gilinsky v Columbia Univ.,* 429 US 1096).

When the commissioner finds that the evidence before him establishes probable cause for the complaint of discrimination, he has the duty under section 297 (subd 4, par a) of the Executive Law to serve notice on the respondent "to answer the charges of such complaint and appear at a public hearing before a hearing examiner" for a hearing of the witnesses under oath on the record on each side of the dispute. We note that the ultimate determination of the merits of the complaint shall then be made by the commissioner (Executive Law, § 297, subd 4, par c), and thus the statutory design differs from court procedure in which a question of fact is generally determined by a jury or tribunal apart from the court which has decided that a question of fact exists for determination.

We do not retreat from our holding in *Mayo v Hopeman Lbr. & Mfg. Co. (supra),* that where there has not been a full investigation and opportunity for the complainant to present his contentions and evidence, with a full record thereof, a public hearing under paragraph a of subdivision 4 must be held, for in such case the record does not establish a rational basis for the commissioner's determination of no probable cause for the complaint. In the appeals in this case, however, the records show that the investigations were extensive and that complainant had full opportunity to present his contentions and evidence, and they demonstrate that there was a rational basis for the commissioner's determination of no probable cause. Thus, the appeal board erred in reversing the commissioner's determination and in remanding the complaints to him for further proceedings pursuant to the Human Rights Law (see *State Div. of Human Rights v Bond, Schoeneck & King,* 52 AD2d 1045; *Long Is. R.R. Co. v New York State Div. of Human Rights,* 42 AD2d 857; *Matter of Pepsi-Cola Metropolitan Bottling Co. v State Human Rights Appeal Bd.,* 42 AD2d 760; *State Div. of Human Rights v Buffalo Auto Glass Co.,* 42 AD2d 678; *Wyckoff Hgts. Hosp. v State Div. of Human Rights,* 38 AD2d 596; cf. *Tenenbaum v State Div. of*

*Human Rights,* 50 AD2d 257, 259; *Burns v Sabena Belgian World Airlines,* 42 AD2d 347, 348).

On the merits, also, we observe that there is no evidence in these records that the acts of which complainant-respondent Speller complains were motivated in any way by the fact of his race or color (see *Matter of New York Tel. Co. v Wethers,* 36 AD2d 541, 542, affd 30 NY2d 791; *Matter of Sperry Rand Corp. v State Human Rights Appeal Bd.,* 46 AD2d 678).

The petition should, therefore, be granted, respondent Appeal Board's orders annulled and the determinations of the State Division of Human Rights reinstated and confirmed.

SIMONS, J. P., HANCOCK and DENMAN, JJ., concur.

Petition unanimously granted without costs, orders of Human Rights Appeal Board annulled, and determinations of State Division of Human Rights reinstated and confirmed.