■    STATE DIVISION OF HUMAN RIGHTS on Complaint of CLINTON TAYLOR, Respondent, v COUNTY OF MONROE, SHERIFF'S DEPARTMENT, et al., Petitioners.—Petition unanimously granted, without costs, order of appeals board annulled and determination of the State Division of Human Rights reinstated and confirmed. Denman, J., not participating. Memorandum: Petitioners seek an annulment pursuant to section 298 of the Executive Law of a determination of the State Human Rights Appeal Board which set aside a determination and order of the State Division of Human Rights finding no probable cause for the complaint of respondent Taylor (complainant). The appeal board decision was based, inter alia, on respondents' alleged refusal to employ complainant because of his disorderly conduct conviction and on "the unmitigated fact" that an "invidious distinction" had been made in processing complainant's employment application because of his alleged arrest record. The question presented is whether the appeal board exceeded its limited scope of review as granted by subdivision 7 of section 297-a of the Executive Law (see State Div. of Human Rights v New York State Drug Abuse Control Comm., 59 AD2d 332; Mayo v Hopeman Lbr. & Mfg. Co., 33 AD2d 310). Complainant applied for a part-time position in the seasonal parks unit of the Monroe County Sheriff's Department on April 22, 1975. Upon learning that the parks jobs were filled, complainant filed an application for the position of Deputy Sheriff-Guard, Grade II (assigned to the jail) and was interviewed on May 30, 1975 by the jail superintendent and by petitioner Lombard on June 2, 1975 when he was asked about information appearing on his army service separation papers indicating that he had lost service time credit for time spent in confinement. When complainant

informed petitioner Lombard that the military offense had involved drugs, complainant was requested to supply further details. None were submitted by complainant and repeated efforts by the Sheriff's department to obtain further particulars from the army were unsuccessful. On August 25, 1975, while responses to the inquiries concerning the army offense were being awaited and while complainant's application was still pending, the complaint was filed. At the conference before the State Division of Human Rights complainant was represented by counsel but did not appear in person. No further information or explanation pertaining to the drug-related military offense was offered. Petitioner Lombard stated that complainant's conviction for disorderly conduct, a violation, was no impediment to his being hired but that the application had been held up pending receipt of additional information about the military offense. It appears that two of the four openings for the position of Deputy Sheriff-Guard, Grade II, were subsequently filled by Black applicants and that of 20 persons hired for this position from January 1, 1975 to October 15, 1975, seven were Black and two had Spanish surnames. Although the record shows that two white applicants with arrest records (as opposed to convictions) had been hired, there is no evidence that complainant's application had been held up because of an arrest record or that there was any policy of rejecting minority group applicants because of arrest records. In *State Div. of Human Rights v New York State Drug Abuse Control Comm.* (59 AD2d 332, *supra*), Justice Witmer stated for a unanimous court: "We do not retreat from our holding in *Mayo v Hopeman Lbr. & Mfg. Co. (supra,* p 337), that where there has not been a full investigation and opportunity for the complainant to present his contentions and evidence, with a full record thereof, a public hearing under paragraph a of subdivision 4 must be held, for in such case the record does not establish a rational basis for the commissioner's determination of no probable cause for the complaint. In the appeals in this case, however, the records show that the investigations were extensive and that complainant had full opportunity to present his contentions and evidence, and they demonstrate that there was a rational basis for the commissioner's determination of no probable cause." We conclude that there was a full investigation and an opportunity for the complainant to present his contentions and evidence and that the State Division's finding that "there is insufficient evidence to sustain a belief that complainant was discriminated against in any manner whatsoever because of his race and color" has a rational basis. *(State Div. of Human Rights v New York State Drug Abuse Control Comm., supra.)* The determination of the appeals board should be annulled and that of the State Division reinstated and confirmed. (Proceeding pursuant to Executive Law, § 298.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.