■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v COUNTY OF MONROE et al., Petitioners.—Petition granted, without costs, order of appeal board reversed and determination of State division reinstated. Memorandum: The work release program is authorized by statute and it is entirely optional with the petitioners (Correction Law, § 870 *et seq.).* The election to

implement this program does not make petitioners an employment agency anymore than bringing entertainers to prisons makes prisons places of public amusement. The relationship between the prisoner and the jailer remains just that, the work release program notwithstanding, and it is a relationship in which the jailers' concern for public safety must always be paramount. That being so, the Legislature properly provided that the ultimate authority to determine prisoner grievances about the work release program should be the State Commission of Corrections. Indeed, if the Division of Human Rights be given jurisdiction over prisoner complaints as alleged by the dissenter, county officials might well elect to forego such programs, thereby frustrating the purpose behind the legislation. All concur, except Cardamone, J. who dissents and votes to dismiss the petition and affirm the order of the appeal board, in the following memorandum: The principal question presented on this appeal is whether a Sheriff as a custodian of a local jail administering a work release program for prisoners in his custody may also be acting as an "employment agency" as that term is defined in subdivision 2 of section 292 of the Executive Law so that the State Division of Human Rights may properly consider a prisoner's claim of discrimination. It appears in this case that in addition to the custodian-prisoner relationship there is also a "covered relationship" within the meaning of the Human Rights Law. Complainant Wilson, a prisoner at the time in Monroe County Jail, claims that he was denied an opportunity to participate in the prisoner work release program because he is Black. As the result of his eligibility to participate in the program being suspended, Wilson had filed a complaint with the Commission of Corrections. However, no action was taken by that administrative agency so far as the record reveals. Sometime later Wilson filed a complaint with the State Human Rights Division alleging that the New York State Department of Labor, Manpower Services Division, while participating in the petitioners' Monroe County and Monroe County Sheriff Lombard's work release program, had engaged in illegal acts of racial discrimination against him. On November 12, 1975 Wilson filed a similar complaint with the division, this time charging the County of Monroe and Sheriff Lombard with acts of discrimination. The State division concluded that it had no jurisdiction and denied Wilson's complaint. The State Appeal Board, reversing the State Division of Human Rights, determined that the petitioners had effectively acted as an employment agency since they attempted to provide job opportunities for those inmates selected for the work release program. Such determination squares with the broad purposes of the Human Rights Law. Subdivision 2 of section 292 of the Executive Law defines "employment agency" to include "any person undertaking to procure employees or opportunities to work." Subdivision (c) of section 871 of the Correction Law authorizes the Sheriff to "assist prisoners seeking admission to the work release program in securing gainful employment or participation in a publicly or privately sponsored program of vocational training." In his complaint Wilson alleges that the petitioners volunteered to provide job referrals and arrange interviews for participants in the work release program. Assuming, as one must for the purpose of review, that Wilson's allegations are true, it appears that the board correctly determined that the petitioners were, in effect, an "employment agency." The conclusion that the division has jurisdiction in this case may be bottomed on another ground. Wilson also alleges that petitioners' agents, motivated by racial prejudice, intervened in his attempts to find employment and thus prevented him from effectively participating in the work release program. Even if petitioners cannot be described as an "em-

ployer" or "employment agency," jurisdiction is conferred on the division by subdivision 6 of section 296 of the Executive Law which condemns and makes it an unlawful discriminatory practice to "aid, abet, incite, compel or coerce" acts of discrimination *(National Organization for Women v State Div. of Human Rights,* 34 NY2d 416). Petitioners contend, and the majority agree, that the division is barred from asserting jurisdiction in this case by subdivision (a) of section 871 of the Correction Law which establishes a method of administrative review of any disapproval, revocation, suspension or modification of a work release application or plan. This statute provides that any request for review shall be immediately forwarded to the State Commission of Corrections and that the decision of the commission shall be final and not subject to judicial review. The majority hold that this statute is the exclusive method of challenging the operation of a work release program and that to hold otherwise would be unduly burdensome. I am unable to agree. The burden of possible complaints to the State Division of Human Rights is not the issue before us, rather it is whether the Sheriff having chosen to install a work release program should be required to respond to complaints of alleged discrimination in its administration to the State Division of Human Rights, the agency primarily charged with eliminating discrimination in New York. Further, the majority's interpretation would curtail the broad statutory powers of the division and have the effect of limiting its jurisdiction. Such a statutory construction is not favored in the law and "may be resorted to only in the clearest of cases" *(Ball v State of New York,* 41 NY2d 617, 622). In my view, subdivision (a) of section 871 of the Correction Law merely authorizes an alternative method of review where illegal discrimination is alleged. Such a construction is consistent with the purposes and application of the Human Rights Law and subjects it to the constraints thereof *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 378). Had complainant Wilson pursued his remedy through the administrative route as authorized by section 871 of the Correction Law, the division would have been without jurisdiction during the pendency of the administrative proceeding (Executive Law, § 297, subd 9; *Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, 248, affd 33 NY2d 946). There is no evidence in the record before us, however, that such a proceeding is pending. Once the board determined that the division has jurisdiction in this case, the statute mandates a remand of the matter for a public hearing (Executive Law, § 297, subd 4, par a; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *Matter of Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, app dsmd 26 NY2d 962). Accordingly, I dissent and vote to affirm the order of the State Appeal Board. (Proceeding pursuant to section 298 of the Executive Law.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.