■ In the Matter of FLAH'S INC., Petitioner, v BELLA SCHNEIDER et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 18, 1978, which (1) reversed a determination of the State Division of Human Rights, dated October 5, 1977, which dismissed a complaint charging petitioner with an unlawful discriminatory practice relating to employment, and (2) remanded the matter to the division for further proceedings. Order confirmed, without costs or disbursements, and proceeding dismissed. Motion by petitioner to strike the answer of respondent Schneider denied. The record does not indicate that there was a thorough inquiry during which the complainant was afforded a full opportunity to present her contentions. In addition, it does not appear that the complaint lacks merit as a matter of law. Therefore, the complaint should not have been dismissed (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310). Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ In the Matter of ANN JAFFE, as Executrix of LOUIS JAFFE, Deceased, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. In the Matter of PHYLLIS RUBIN, as Administratrix of the Estate of ISADORE RUBIN, Deceased, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a consolidated proceeding pursuant to CPLR article 78 to compel the Board of Education of the City of New York to reinstate the petitioners' decedents as teachers as of February 1, 1967 and to retire them as of the date of their deaths, with all the rights and privileges flowing therefrom, the appeal is from a judgment of the Supreme Court, Kings County, dated April 14, 1978, which granted said relief. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding dismissed on the merits. The causes of action of petitioners' decedents accrued in January, 1967. Petitioners, who represent the estates of two deceased school teachers, first filed claims for reinstatement of their deceased husbands in 1973. The inordinate delay in asserting the claims for reinstatement constituted laches (see *Matter of MacMaster v Harvey,* 239 App Div 553). When the equitable defense of laches is invoked in an article 78 proceeding in the nature of mandamus, proof of unexcused delay without more may be sufficient to sustain the defense (see *Matter of Sheerin v New. York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 495). Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.