■ STATE DIVISION OF HUMAN RIGHTS on the Complaint of ALICE SZAROWICZ, Respondent, v ROBERT W. BLANCHETTE et al., as Trustees of the Property of Penn Central Transportation Company, Petitioners.—Determi-

nation of appeal board unanimously confirmed, with costs. Memorandum: This is a proceeding under section 298 of the Executive Law for review and annulment of the determination, dated September 12, 1977, of the respondent appeal board which reversed the determination, dated May 6, 1976, of the Regional Director of the State Division of Human Rights that there was not probable cause for complainant's complaint and so dismissed it. In reversing, the appeal board remitted the matter to the State Division of Human Rights for further proceedings pursuant to the Human Rights Law (see Executive Law, § 297, subd 4, par a). After the State Division of Human Rights has conducted an investigation of a complaint, with full opportunity to the complainant to support his or her claims of discrimination, the division's determination of no probable cause and dismissal of the complaint may not be vacated by the appeal board or the court if it is supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *State Div. of Human Rights v Columbia Univ. in City of N. Y.,* 39 NY2d 612, mod 43 NY2d 715, cert den *sub nom. Gilinsky v Columbia Univ.,* 429 US 1096; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332; *State Div. of Human Rights v Nassau County Civ. Serv. Comm.,* 51 AD2d 735). However, the division may not determine that there is no probable cause for the complaint and dismiss it when the facts revealed in the investigation do not "generate conviction in and persuade a fair and detached fact finder" that there is no substance in the complaint *(300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 181; see, also, *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313). On the record in this case we conclude that the division's determination of lack of probable cause was not supported by substantial evidence and that the appeal board properly remitted the matter to the division to conduct a public hearing for further development of the facts of the complaint as provided in section 297 (subd 4, par a) of the Executive Law. The record shows that complainant, Alice Szarowicz, has been employed by respondent Pennsylvania Central Transportation Company ("Pennsy" or "the Company") since 1943 and since 1964 has been head clerk of the keypunch department in the data processing center. The contract between the union and Pennsy provided that although promotion of employees to supervisory and official positions need not be made strictly in accordance with seniority of the employees, such promotions must be based on seniority of employees within a particular department "if the employee is fit and able", which had been interpreted as of sufficient ability to handle the promotion. Ms. Jeannette Miller was first employed by Pennsy in 1969 as a keypunch operator, and on September 30, 1974 was promoted to head clerk in Department No. 705 of the freight claims department. In July, 1974 the union had learned that Pennsy was planning to integrate the data processing center and the freight claims department, and it wrote to the Company requesting that in such event the employees of the two departments be integrated and "dovetailed" in accordance with their respective seniorities. Although this request was not binding on the Company, in May, 1975 the Company prepared an integrated list of the employees of the two departments in accordance with their seniorities, and complainant was near the head of the list, with 25 more years of seniority than Ms. Miller. In preparation for the adoption of a new computer system, in the fall of 1974 the Company selected Ms. Miller for training in that system, and after a few months she began training applicants for jobs in the new system. On September 25, 1975 Ms. Miller was appointed supervisor of the Machine Department No. 806, to fill a vacancy caused by a retirement. Ms. Miller is

16 years younger than complainant, and complainant filed a complaint with the State Division of Human Rights that she was passed over and discriminated against because of her age. She claims that she is of equal ability to Ms. Miller and that the Company discriminated against her in training Ms. Miller in the new computer system rather than her and in promoting Ms. Miller. There is no evidence to refute complainant's claim that she has equal ability to Ms. Miller. There is some negative evidence respecting the health and the attendance at work of both contestants. At the investigatory hearing the Company asserted only that the complainant was not in the same department as Ms. Miller and so she was not considered for this promotion. The Company did not rest the promotion on evidence, also adduced, that Ms. Miller was preferred by many employees in the department and apparently by the management, and that her promotion would contribute more to the harmonious operation of the department. We agree with the appeal board that upon this record it cannot be said that complainant and Ms. Miller were not in the same department at the time of the latter's promotion, that the Company has not adequately explained the promotion of Ms. Miller ahead of complainant, and that probable cause exists for the complaint of discrimination against complainant because of her age. We recognize that the record contains evidence that the Company did promote other employees approximately of complainant's age (older and younger), tending to negate the charge that age was a factor in the promotion of Ms. Miller. Nevertheless, we conclude that it was error to find "no probable cause", prima facie, and that complainant is entitled to a public hearing under the statute (Executive Law, § 297, subd 4, par a), before which the Company may serve its answer and at which the Company may present all of its reasons for the promotion of Ms. Miller in defense of the charge of discrimination. (Proceeding pursuant to Executive Law, § 298.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.