■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of RAYMOND J. WRIGHT, Petitioner, v REGIONAL TRANSIT SERVICE, Respondent. — Order of appeal board unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner, Raymond J. Wright, seeks review of an order of the New York State Human Rights Appeal Board dated March 4, 1980 which affirmed in all respects a determination and order of the State Division of Human Rights dated March 30, 1979 which dismissed his petition with a finding of no probable cause in relation to his claim that his employer, Regional Transit Service, denied him equal terms, conditions and privileges of employment because of retaliation. Petitioner, who had been employed by the respondent transit service in August, 1972 as a bus operator, was discharged from such employment on January 3, 1979. During the time of such employment, in keeping with the standard procedure of his employer, various reprimands and records of customer complaints were placed in petitioner's personnel file. It does not appear, however, that such practice singled out the petitioner for treatment different from that afforded any other employee. In March, 1974, prior to his first complaint, petitioner's employment was terminated based upon his defacing company property. He was later reinstated. In February, 1978 he was again terminated as a result of an accident involving a discharged passenger but was subsequently rehired by his employer. On October 15, 1976 petitioner filed a complaint charging his employer with refusal to promote him because of age and that case was closed on November 22, 1976 with a finding of no probable cause. Thereafter customer complaints were received by the transit service which alleged that petitioner bypassed persons waiting for buses on several occasions from January 1, 1978 to October 31, 1978 and again on December 19, 1978. On January 3, 1979 the company after investigation, determined that petitioner had deliberately bypassed passengers in violation of the employer's policy. Predicated upon this final incident and petitioner's prior history which included related problems of attitude, the company decided to terminate his employment. On February 8,

1979 petitioner filed the instant complaint with the Division of Human Rights charging that the respondent employer terminated his employment in retaliation for his original complaint of October 15, 1976 and that such activity amounted to a discriminatory practice. Based upon a finding of no probable cause petitioner then petitioned this court pursuant to section 298 of the Executive Law, seeking an order reversing the determination of the State Division of Human Rights as affirmed by the Human Rights Appeal Board and remanding this matter for a hearing. A review of the record shows that there was a rational basis for the determination of the division and that the board's affirmance was proper (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). Petitioner's employment was not terminated because of retaliation but was based instead upon numerous transgressions of his employer's policies which were not in and of themselves unreasonable. Petitioner, while requesting a hearing in order to examine and cross-examine various witnesses based upon their complaints in connection with his employment record, has offered no evidence to sustain his allegation that his dismissal was based upon retaliation and there is no evidence in the record that he was denied an opportunity to do so *(Marinoff v New York State Human Rights Appeal Bd.,* 64 AD2d 978; see, also, *State Div. of Human Rights v Village of Spencerport,* 78 AD2d 1107). (Proceeding pursuant to Executive Law, § 298.) Present — Hancock, Jr., J.P., Schnepp, Callahan, Doerr and Moule, JJ.