■ STATE DIVISION OF HUMAN RIGHTS on Complaint of SALLY GROSS, Petitioner, v HERALD COMPANY, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: This is a proceeding pursuant to section 298 of the Executive Law to review an order of the appeal board which affirmed the State Division of Human Rights' dismissal of petitioner's complaint against the Herald Company for want of probable cause. The primary complaint of petitioner, a real estate broker, is that the *Herald* newspaper discriminated against her because of her sex by denying her credit and requiring her to pay cash for her advertisements. She contends that the division's determination that the denial of credit "was related to common business practices" is not supported by the record and that there was a lack of investigation by the division into the terms of credit extended to male real estate brokers. She seeks a remand of this case to the division to adduce additional proof regarding the Herald's policy toward other persons using its advertising service. On the record in this case we conclude that the division's determination of no probable cause and dismissal of the complaint is sufficiently supported to "generate conviction in and persuade a fair and detached fact finder" that there is no substance in the complaint (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181; see, also, *State Div. of Human Rights v Blanchette,* 73 AD2d 820, 821). Petitioner presented her contentions and evidence to the division which conducted an in-depth inquiry into the facts of her complaint. As part of its investigation the division questioned other female brokers and investigated petitioner's claim that certain named male brokers had been granted credit despite their poor credit rating. No further investigation of petitioner's claims is necessary because the facts revealed in the completed investigation established that petitioner was a poor credit risk; that any restrictions placed upon her advertising were legitimate business decisions; and, that she was not treated differently because of her sex (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). (Proceeding pursuant to Executive Law, § 298.) Present — Callahan, J. P., Denman, Boomer and Schnepp, JJ.