■ In the Matter of CAMILO SAYERS, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Determination of the State Human Rights Appeal Board, dated May 29, 1981, which upheld the order and determination of the State Division of Human Rights, dated February 6, 1980, annulled and the matter remanded to the State Division of Human Rights for a hearing thereon, without costs. In his complaint to respondent State Division of Human Rights, petitioner Camilo Sayers alleged that his demotion to the position of truck driver in September of 1977, which occurred after he had previously been twice promoted and also placed in training for senior clerk, was the result of discrimination based on his mixed heritage and Peruvian national origin. According to respondent Bank of New York, its action was warranted due to Sayers' inability to communicate adequately in English. The State Division of Human Rights decided, following an investigation, that there was no probable cause to believe that the Bank of New York had discriminated against the petitioner on the basis of race, color, or national origin. This ruling was upheld by an evenly divided vote (2 to 2) on the appeal board. However, the record does not indicate that the petitioner, despite his accented English, had difficulty either in making himself understood or in comprehending others. In fact, for the six years prior to the advent of respondent Michael Gilsenan as head of the mail and messengers department in June of 1976, there had been no complaints about petitioner's communications skill, and his job performance had been found to be uniformly exceptional. Since the record does not permit a conclusion that the complaint lacks merit as a matter of law, the dismissal of Sayers' complaint, and the failure to grant him a hearing pursuant to section 297 of the Executive Law, was arbitrary and capricious. (*Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310; see, also, *State Div. of Human Rights v Blanchette,* 73 AD2d 820.) Concur — Markewich, Fein and Milonas, JJ.

Sandler and Sullivan, JJ., dissent in a memorandum by Sandler, J., as follows: I am unable to agree with the court that there was not a rational basis for the determination of the State Division of Human Rights that there was no

probable cause to believe that the Bank of New York had discriminated against the petitioner on the basis of race, color or national origin. As in *State Div. of Human Rights v New York State Drug Abuse Control Comm.* (59 AD2d 332), a case in which the Appellate Division in the Fourth Department carefully limited precisely that principle in *Mayo v Hopeman Lbr. & Mfg. Co.* (33 AD2d 310), on which a majority of this court relies, "the records show that the investigations were extensive and that complainant had full opportunity to present his contentions and evidence, and they demonstrate that there was a rational basis for the commissioner's determination of no probable cause." (At p 337.) The picture that emerges from the extensive documents developed in the course of the investigation is quite clear. Petitioner is a conscientious, able, well-motivated individual whose abilities were recognized by steady promotions and attended by highly favorable evaluation reports. A time came when he was promoted to a position in which a difficulty in communicating in English became a matter of legitimate concern on the part of the responsible bank officials. As senior clerk, assigned to a night shift, it was his responsibility from time to time to communicate on the telephone with people not familiar with his speech patterns, with regard to matters that were sometimes of importance and sometimes of an emergency character. A particular event in which a supervisor was unable to understand petitioner on the telephone led to a concern about petitioner's appropriateness in the particular position that he then occupied. It was recommended to the petitioner that he take advantage of English courses which the bank made available for its employees. He chose not to do so. Ultimately the conclusion was reached that petitioner was unsuitable in the position he occupied on the night shift and a variety of alternative positions were suggested to him, including a transfer in the same position to a day shift where the availability of alternative personnel would eliminate dependence on the petitioner's ability to communicate on the telephone. He declined all alternative suggestions. A study of the record leaves no basis for doubting the *bona fides* of the responsible bank officials in the actions that they took. The undoubted fact that the petitioner could communicate adequately on a face-to-face basis with people who knew him in everyday matters does not refute the obviously legitimate concern felt as to his suitability for the particular position that he was then occupying. The statistical information provided by the bank with regard to the ethnic composition of the division in which petitioner worked, as well as the ethnic composition of those occupying positions similar to his, effectively refutes any suggestion of a discriminatory intent. Nor does it seem to me sensible to ignore the obvious reality that the determination to recommend against a probable cause hearing was made by an investigator who had pursued the investigation with obvious zeal and concern and who had the opportunity, not available either to the appeal board or ourselves, to hear petitioner at a conference.