■ In the Matter of DONALD F. ROBERTSON, Appellant, v STATE OF NEW YORK et al., Respondents. [659 NYS2d 773] —In a proceeding pursuant to CPLR article 78 to review a determination of the Regional Director of the State Division of Human Rights, dated August 4, 1995, which, after an investigatory conference, found no probable cause to believe that the respondent State University of New York Health Science Center at Brooklyn engaged in an unlawful discriminatory employment practice against the petitioner, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated July 24, 1996, *inter alia,* dismissing the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the matter is remitted to the State Division of Human Rights for further proceedings in accordance herewith.

The proper standard of review under the circumstances of this case is whether the determination of the Regional Director of the State Division of Human Rights (hereinafter SDHR) was arbitrary, capricious, characterized by an abuse of discretion, or clearly an unwarranted exercise of discretion *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313). Since there was no hearing, SDHR may dismiss a complaint only if it appears that virtually as a matter of law the complaint lacks merit *(Mayo v Hopeman Lbr. & Mfg. Co., supra,* at 313; *see, Matter of Sayers v State Human Rights Appeal Bd.,* 89 AD2d 833; *Matter of Flah's Inc. v Schneider,* 71 AD2d 993). Probable cause of unlawful discriminatory practice exists when, after giving full credence to the complainant's version of the events, there is some evidence of unlawful discrimination *(Matter of Doin v Continental Ins. Co.,* 114 AD2d 724, 725; *Matter of Vadney v State Human Rights Appeal Bd.,* 93 AD2d 935, 936).

Here, the petitioner presented witnesses who also submitted affidavits tending to support his claim of discrimination. A question of fact was presented which required a public hearing, and the determination of SDHR that no probable cause existed to believe that an unlawful discriminatory practice had occurred was therefore arbitrary and capricious *(see, Matter of Sayers v State Human Rights Appeal Bd., supra; State Div. of Human Rights v Blanchette,* 73 AD2d 820; *Matter of Rodriguez-Abad v Hurst,* 49 AD2d 115; *Mayo v Hopeman Lbr. & Mfg. Co.,*

*supra).* Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.