**Abdul RASHID, Plaintiff,**

v.

**AMERICAN ELECTRIC POWER SERVICE CORP., Defendant.**

**No. 85 Civ. 9502(MEL).**

United States District Court,
S.D. New York.

Oct. 30, 1986.

Abdul Rashid, pro se.

Spengler, Carlson, Gubar, Brodsky & Frischling, New York City, for defendant; Adin C. Goldberg, Rhonda D. Orin, of counsel.

LASKER, District Judge.

Defendant, American Electric Power Service Corp. ("AEP") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this employment discrimination action on the ground of res judicata.

Plaintiff Abdul Rashid filed a complaint with the New York State Division of Human Rights ("Human Rights Division") against his employer, AEP, pursuant to Article 15 of the Executive Law of the State of New York (McKinney 1982) alleging that his civil rights had been violated. Specifically, he claimed that he had been passed over for permanent employment because of his color and national origin.

On September 27, 1984, the Human Rights Division issued its determination on the claim, stating that "there is no probable cause to believe that the respondent (AEP) engaged in or was engaging in the unlawful discriminatory practice complained of." (Memorandum in Support of Defendant's Motion to Dismiss, Exhibit A)

Pursuant to N.Y. Exec. Law § 298 (McKinney 1982), Mr. Rashid appealed the decision of the Human Rights Division to the Supreme Court of New York, Appellate Division, First Department. That court confirmed the order of the Human Rights Division. Subsequently, the New York Court of Appeals denied Mr. Rashid's motion for leave to appeal.

Mr. Rashid has now applied to this court for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq,* and the Civil Rights Act of 1966, 42 U.S.C. § 1981.

■ Pursuant to the full faith and credit clause and 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments whenever the courts from which the judgment emerged would do so. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

Once an employee discrimination case has been decided by the Human Rights

Division and has been appealed to the Appellate Division, such procedure "shall exclude any other action." N.Y. Exec. Law § 300 (McKinney 1982). Thus, the State of New York has clearly established a statutory res judicata bar on any further proceedings.

The fact that the claim before this court is based on a federal statute, while the state court claim arose pursuant to New York's employment discrimination law, would not preclude the application of res judicata in this case. The Supreme Court in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), a case brought under the same New York and federal statutes which are at issue in this case, stated that

the alleged discriminatory acts are prohibited by both federal and state law. The elements of a successful employment discrimination case are virtually identical. The Appellate Division's affirmance of the NYHRD's dismissal necessarily decided that petitioner's claim under New York law was meritless and thus it also decided that a Title VII claim arising from the same events would be equally meritless.

*Id.* at 479, 102 S.Ct. at 1896.

Plaintiff makes the argument that he was not given an evidentiary hearing by the Human Rights Division. Under N.Y. Exec. Law § 297 (McKinney 1982), "After filing of any complaint, the division shall promptly serve a copy thereof upon the respondent and all persons it deems necessary parties and make prompt investigation in connection therewith." N.Y. Admin. Code tit. 9, subtit. J, § 465.6 (1985) details the possible methods of investigation which would satisfy the statute. It allows for "written or oral inquiry, conference, or any other method or combination thereof deemed suitable in the discretion of the regional director." *Id.* There has been a substantial amount of case law in New York which has set down the parameters for a suitable investigation under Section 297. These cases have not required the Human Rights Division to hold an evidentiary hearing as part of its investigatory procedure before dismissing a complaint. *See State Division of Human Rights v. New York State Drug Abuse Control Commission*, 59 A.D.2d 332, 336–37, 399 N.Y.S.2d 541, 544 (4th Dept. 1977); *Mayo v. Hopeman Lumber & Mfg. Co.*, 33 A.D.2d 310, 313, 307 N.Y.S.2d 694, 695 (4th Dept. 1970).

Moreover, the Court of Appeals for the Second Circuit has held in *Mitchell v. National Broadcasting Company*, 553 F.2d 265, 271 (2d Cir.1977) that the fact that a determination of no probable cause by the Human Rights Division is made without the benefit of an evidentiary hearing would not bar a federal court from applying res judicata. *Accord Sinicropi v. Nassau County*, 601 F.2d 60, 62 (2d Cir. 1979).

This court must abide by the applicable New York res judicata law and dismiss the complaint.

It is so ordered.