■ CITY OF NEW YORK, Appellant, v MARGARET ROOKARD, Respondent, et al., Defendants.—In an action, *inter alia,* to enjoin the respondent from acting so as to induce her tenants to vacate their respective dwelling units, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pino, J.), entered September 23, 1985, which dismissed the complaint upon the respondent's motion at the close of the plaintiff's evidence.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff brought the instant action pursuant to various provisions of the Administrative Code of the City of New York, seeking both injunctive relief and civil penalties against the defendant landlord. Following a hearing on the motion for a preliminary injunction, the court rejected much of the city's evidence; as a practical matter, the trial was limited to the city's first cause of action, alleging several violations of the Administrative Code's unlawful eviction provisions *(see,* Ad-

ministrative Code of City of New York former § D16-1.01 *et seq., now* § 26-521 *et seq.).*

The trial court erred in precluding the city from introducing evidence of alleged violations that occurred prior to a stipulation of settlement between the landlord and the tenants in a separate nonpayment proceeding brought by the landlord against the tenants. The applicability of sanctions set forth in the Administrative Code is not limited to situations where the tenants have failed to act on their own behalf or by themselves obtain some remedy from the landlord for the violations.

While it is possible that under certain circumstances, including those at bar, issuance of an injunction may not be called for, the civil penalties provided for by the code are not limited to violations extant at the time of trial. The city should be given the opportunity to prove the nature and extent of the past violations it alleges, and if those violations are proven and an injunction is deemed inappropriate, the court must still consider whether to impose the civil penalties sought. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.