OPINION OF THE COURT
Eugene L. Nardelli, J.
The case involves alleged violations of the City of New York’s Unlawful Eviction Law (the UEL) (Administrative Code *998 of City of New York §§ 26-521 — 26-529). The UEL relates to actions against qualified occupants of dwelling units in the city whether or not the unit is rent controlled or stabilized. It prescribes both criminal and civil penalties, providing that any person who violates it shall be guilty of a class A misdemeanor (§ 26-523 [a]) and shall also be subject to civil penalties of from $1,000 to $10,000 for each violation (§ 26-523 [b]). All moneys recovered go into the general fund of the city (§ 26-528). The complaint alleges various acts of interference with and harassment of tenants and withholding of service on the part of the defendants in order to induce tenants to vacate their dwelling units.
Similar complaints had been filed by numerous tenants with the Department of Housing Preservation and Development and the Conciliation and Appeals Board, both of the City of New York. Jurisdiction thereof had been assumed by the State Division of Housing and Community Renewal (DHCR) effective April 1, 1984. A hearing thereon was held before an Administrative Law Judge, continuing on various dates in 1985 and 1986. That hearing was adjourned in May 1986, and negotiations entered into which resulted in a settlement dated December 18, 1986, between defendants and most - of such tenants under which defendants undertook to make various repairs and improvements in service and to pay the legal fees of the tenants; the complaints were to be dismissed with prejudice, and the parties agreed to "use their best efforts” to have this instant case dismissed with prejudice. The stipulation of settlement was signed on behalf of. the DHCR; by order of the Office of Rent Administration of the DHCR, dated March 6, 1987, the charges against defendants were dismissed with prejudice on condition that the DHCR retain jurisdiction over the parties and matters therein for five years for the purpose of enforcing the agreement and resolving disputes arising under the agreement; the parties were ordered to comply with the terms of the stipulation of settlement.
Defendants have moved for dismissal or summary judgment on the grounds that (1) the matter is res judicata because of the order of the Office of Rent Administration of the DHCR and (2) the UEL has been preempted by the Omnibus Housing ' Act of 1983 (the OHA) (L 1983, ch 403).
RES JUDICATA
The principles of res judicata and collateral estoppel are applied generally only "to the parties in a litigation and those *999 in privity with them”. (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485.) Here the city was not a party to the proceeding before the DHCR. Nor was the city in privity with any party or otherwise in control of any party. Defendants’ citations of cases finding privity between legatees and the executor of an estate (Watts v Swiss Bank Corp., 27 NY2d 270), between an insured and his insurer (Commercial Bank v Employers Ins., 57 Misc 2d 510), and with respect to nonparties in class actions (Auerbach v Bennett, 64 AD2d 98 [2d Dept]) are inapposite here. Unconvincing too is defendants’ unsupported contention that the city "[a]s a unit of the State” should be bound by the settlement and the order of the DHCR dismissing that proceeding with prejudice. Moreover, the proceeding before the DHCR was between the tenants and defendants; the DHCR was not a party and the State was not a party. The DHCR’s consent to the withdrawal of the tenants’ complaints and its signature to the agreement did not make the State a party to the proceeding; the March 6, 1987 order of the Office of Rent Administration recites only that the settlement "has been approved” by the DHCR and clearly regards the tenants and the defendants as the only parties to the proceeding, as they were. Whatever erosion may have taken place in the requirement of identity or privity of parties and mutuality of estoppel (see, B. R. DeWitt, Inc. v Hall, 19 NY2d 141; Rashid v American Elec. Power Serv. Corp., 646 F Supp 251 [SD NY]), defendants have not offered any authority applying res judicata or estoppel against one who was not a party to the first action or in privity with a party to the first action. Here the city was not a party to and was n'ot in privity with a party to the prior proceeding and did not control a party to the proceeding before the DHCR. Indeed, just because the city had no control of the proceeding before the DHCR, the instant case illustrates the rationale for the requirement for privity with a party to the prior proceeding or at least some indirect control of the prior proceeding on the part of the party against whom res judicata is to be invoked. The deterrent effect of the UEL would obviously be dissipated if a violating landlord always had the possibility of safe haven in a settlement with his aggrieved tenants over whom the city has no control. The provision in the stipulation of settlement that the parties should use their best efforts to cause this instant action to be dismissed with prejudice may have been ill-advised; the city plaintiff in the instant case neither controlled nor is controlled by the parties to the prior proceeding.
*1000 In 1987 the Appellate Division for the Second Department, in an action alleging violations of the UEL, has held that such action can be based on alleged violations predating a stipulation of settlement between the landlord and the tenants of a separate nonpayment proceeding brought by the landlord, saying:
"The applicability of sanctions set forth in the Administrative Code is not limited to situations where the tenants have failed to act on their own behalf or by themselves obtain some remedy from the landlord for the violations.
"While it is possible that under certain circumstances, including those at bar, issuance of an injunction may not be called for, the civil penalties provided for by the code are not limited to violations extant at the time of trial. The city should be given the opportunity to prove the nature and extent of the past violations it alleges, and if those violations are proven and an injunction is deemed inappropriate, the court must still consider whether to impose the civil penalties sought.” (City of New York v Rookard, 129 AD2d 670, 671.)
PREEMPTION
Defendants argue that section 1 of the OHA (L 1983, ch 403), which makes a finding that laws regulating rents and evictions would better serve the public interest if the systems of regulation of rents and evictions were placed under a single State agency, expresses a policy of preemption. The sections of the OHA which follow it, however, merely amended various State statutes and certain provisions of the New York City Administrative Code relating to the regulation of rents and transferred to the DHCR the functions of the city’s Conciliation and Appeals Board; the result has been that the State has assumed administration of provisions concerned with harassment (including discontinuance of required services) only as part of its oversight of rent-stabilized housing (Rent Stabilization Code [9 NYCRR] § 2525.5) and rent-controlled housing (Administrative Code § 26-412 [d]). The order in the prior proceeding, it should be remembered, was signed by a deputy commissioner of the Office of Rent Administration of the DHCR. The State-administered provisions do not contain any over-all prohibition of unlawful evictions similar to the UEL. Nor did the OHA specifically preempt the field of unlawful evictions even though it was enacted less than a year after the UEL. Such lack shortly after enactment of a challenged local *1001 law indicates a State intention not to preempt. (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 99.)
Defendants assert that "this action by the City under a local law is preempted and unconstitutional” because of the comprehensive State legislation and regulation administered by the DHCR. Where a State statute is challenged "the heavy burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon the one who attacks a statute as unconstitutional”. (Seagram & Sons v Hostetter, 45 Misc 2d 956, 961 [Sup Ct, Albany County], affd 23 AD2d 933, affd 16 NY2d 47, affd 384 US 35, reh denied 384 US 967.) The UEL is not a statute, but a similar intendment of validity is accorded a provision of the Administrative Code; it underlies the requirement of a clearly evinced desire to preempt. (See, Council for Owner Occupied Hous. v Koch, 119 Misc 2d 241 [Sup Ct, NY County], affd on opn below 61 NY2d 942.) "A local law may be ruled invalid as inconsistent with State law not only where an express conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field thereby precluding any further regulation”. (Jancyn Mfg. Co. v County of Suffolk, supra, at 96-97.) "The fact that both the.State and local laws seek to regulate the same subject matter does not in and of itself give rise to 'an express conflict”. (Supra, at 97.) "[I]t is only those local laws which would contradict or be incompatible with the general laws of the State which must be struck down.” (Council for Owner Occupied Hous. v Koch, supra, at 245.) Here there is clearly no express conflict between the UEL and State law. Thus, the UEL would be invalid as inconsistent with the State’s overriding interest only if the State has clearly evinced a desire to preempt the entire field of unlawful evictions. This court is not convinced that it has. The legislative finding of section 1 of the OHA of a desirability of placing the regulation of rents and -evictions under a single agency cannot be assumed to invalidate a city provision providing criminal as well as civil penalties and relating tó all evictions of qualified tenants. The Rent Stabilization Law appears as sections 26-501 through 26-520 of chapter 4 of title 26 of the Administrative Code. Section 26-521, pursuant to which this action was brought, appears in chapter 5 of such title and, as has been noted, is not limited to rent-regulated dwelling units. Council for Owner Occupied Hous. v Koch (supra) upheld a provision of the Administrative Code requiring a reserve fund for capital repairs of rental housing being converted to cooperative or *1002 condominium status; it did so despite State statutes relating to such conversions. The court said the local law supplemented the State regulatory process "and implicit therein is a recognition that additional government control is necessary to meet the special housing problems existing in the City of New York”. (Supra, at 246.) Similarly, in a case involving two State statutes, it has been held that there is nothing in the Omnibus Housing Act which preempts the Attorney-General’s power to investigate and bring an action pursuant to Executive Law § 63 (12) on persistent fraudulent or illegal conduct in connection with rent overcharges. (State of New York v Solil Mgt. Corp., 128 Misc 2d 767 [Sup Ct, NY County].) And in a case holding that the city’s tenant-harassment laws do not preclude a criminal prosecution for larceny (the leasehold being a legal interest and the forcible removal of the leaseholder providing the asportation) where a landlord hired "goons” to forcibly remove tenants in order to vacate the building to his profit, a dictum assumes that the UEL is meant to coexist with what is now Administrative Code § 26-412 (d), dealing with harassment of rent-controlled tenants. (People v Podolsky, 130 Misc 2d 987 [Sup Ct, NY County]; see also, City of New York v Rookard, supra.)
It is clear that defendants have not met their burden of proving preemption and the invalidity of the UEL. The existing authority makes it clear, rather, that the UEL, once a coequal provision of the Administrative Code, continues as a tool in the hands of the Corporation Counsel to meet the city’s special housing problems even after the assumption by the State of the administration of rent regulation.
Defendants’ motion for summary judgment or dismissal of the complaint is denied.