YAN YAM KOO, Plaintiff–Appellant,

v.

DEPARTMENT OF BUILDINGS OF the CITY OF NEW YORK, Defendant–Appellee.

No. 06–2454–cv.

United States Court of Appeals, Second Circuit.

Feb. 28, 2007.

Yan Yam Koo, pro se, Oakland Gardens, New York, for Plaintiff–Appellant.

Janet L. Zaleon, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, of counsel), New York, New York, for Defendant–Appellee.

Present: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Yan Yam Koo, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Richard Berman, *Judge*) granting the defendant-appellee's motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this appeal.

In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court addressed whether a "no probable cause" determination by the New York State Division of Human Rights ("SDHR") that had been reviewed and affirmed by a state court had preclusive effect on a subsequent action pursuant to Title VII of the Civil Rights Act of 1964. The Court reasoned that, as Title VII had not expressly or implicitly overruled 28 U.S.C. § 1738, which "direct[s] that all United States courts afford the same full faith and credit to state court judgments that would apply in the State's own courts," 456 U.S. at 462–63, 102 S.Ct. 1883, the New York state court affirmation of the agency's finding of no probable cause would preclude federal litigation based on the same facts, provided that the procedures followed in coming to that determination satisfied the minimum constitutional requirements of the Due Process Clause of the Fourteenth Amendment. *Id.* at 481–82, 102 S.Ct. 1883. The Court held that the SDHR proceeding satisfied the requirements of the Due Process Clause, inasmuch as it (1) afforded the "claimant ... a 'full opportunity to present on the record, though informally, his charges against his employer or other respondent, including the right to submit all exhibits which he wishes to present and testimony of witnesses in addition to his own testimony,'" *id.* at 483, 102 S.Ct. 1883 (quoting *State Div. of Human Rights v. N.Y. State Drug Abuse Control Comm'n*, 59 A.D.2d 332, 336, 399 N.Y.S.2d 541, 544 (1977)); and (2) provided for judicial review "to assure that a claim-

ant is not denied any of the procedural rights to which he was entitled and that the NYHRD's determination was not arbitrary and capricious," *id.* at 484, 102 S.Ct. 1883.

Under *Kremer*, Yan Yam Koo's action in the district court is precluded. While the agency determination in and of itself did not preclude his action, preclusive effect attached once the state court reviewed and affirmed the SDHR's finding of no probable cause. The record demonstrates, moreover, that the plaintiff had a full and fair opportunity to present his charges. The record also demonstrates that the plaintiff presented the same issue and allegations of discrimination and retaliation to the state court in both his complaint to the SDHR and his Article 78 proceeding as he did in his federal district court complaint, as required for issue preclusion to apply. *See Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995). Although the New York Supreme Court's determination of the plaintiff's Article 78 petition did not address specifically the retaliation claims the plaintiff raised to the SDHR, it necessarily passed on those claims in affirming the SDHR's determination of no probable cause because the SDHR's determination did evaluate, and deem without merit, the retaliation claims. That the plaintiff did not name the identical parties in the state and federal actions does not disturb our finding of preclusiveness. *See LaFleur v. Whitman,* 300 F.3d 256, 274 (2d Cir.2002) ("Our inquiry with regard to the 'full and fair opportunity' prong of the collateral estoppel doctrine is whether [the party], as the [plaintiff] in the previous state court proceeding, was fully able to raise the same factual or legal issues as [asserted] here—*not* whether the [defendants] were identical in both cases.") (emphasis in original) (citation omitted).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.