*Mejia v. New York City Health & Hospitals Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> *Circuit Judges.*

---

ANGELA MEJIA,

>            *Plaintiff-Appellant*,

>    v.                                                            No. 14-2162

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

>            *Defendant-Appellee*,

DIVISION OF HUMAN RIGHTS,

>            *Defendant*.

---

1

FOR PLAINTIFF-APPELLANT:                Angela Mejia, pro se, New York, NY.

FOR DEFENDANT-APPELLEE N.Y.C.
HEALTH & HOSPITALS CORP.:               Richard Dearing, Diana Lawless, Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Angela Mejia, proceeding *pro se*, appeals the district court's dismissal, on collateral estoppel grounds, of her action alleging that her former employer, the New York City Health and Hospitals Corporation ("HHC"), terminated her because of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*

On February 9, 2012, Mejia filed a complaint with the New York State Division of Human Rights ("DHR") alleging that HHC had fired her because she was disabled in violation of the New York State Human Rights Law. Mejia alleged that she had worked as a clerical associate at HHC for nearly twenty-one years before she injured herself while commuting to work in May 2011. According to the investigation conducted by the DHR, HHC granted Mejia medical leave after Mejia sustained her injury. With supporting letters from her doctor, she later sought and received three extensions of that leave. HHC refused, however, to grant her a fourth extension—which Mejia claims was also supported by letters from her doctor—and, instead, terminated her employment. HHC did not provide notice of its decision to Mejia, who

2

learned she lost her job only after she inquired into the status of her request. On August 3, 2012, the DHR issued a decision finding that "its investigation did not reveal sufficient evidence to establish a nexus between [Mejia's] disability and [HHC's] decision to terminate" Mejia. Record on Appeal doc. 23-2 at 2. The DHR reasoned that Mejia was a provisional employee not entitled to leave extensions and that her termination was therefore justified as a "business necessity."

On October 3, 2012, Mejia filed an Article 78 petition in the New York Supreme Court for New York County, seeking reversal of the DHR's decision. The Supreme Court denied Mejia's petition, reasoning that she had a full and fair opportunity to present her claim to the DHR and that the DHR's decision was not arbitrary and capricious.

Mejia then filed this action in federal court, alleging that HHC had violated her rights under the ADA. The district court, on HHC's motion, determined that Mejia was collaterally estopped from asserting such a claim and dismissed the complaint. This appeal followed.

"We review the district court's dismissal of [an] action on collateral estoppel grounds *de novo*." *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 198 F.3d 342, 346 (2d Cir. 1999). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "Under New York law, the doctrine of issue preclusion only applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (footnote omitted).

3

Although we share the district court's sympathy for Mejia, we also agree with its conclusion that Mejia is collaterally estopped from litigating her claim under the ADA. First, to prevail on her ADA claim, Mejia would have to establish that HHC terminated Mejia because of her disability. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000). This same issue, however, was presented to the Supreme Court in Mejia's Article 78 petition when she challenged the merits of the DHR's decision, and the Supreme Court ruled against Mejia when it found that the DHR's decision was neither arbitrary nor capricious. The Supreme Court's decision that an agency's determination of an issue was not arbitrary and capricious is sufficient to constitute an "actual[] and necessar[y] deci[sion]" of that issue. *Cf. Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 484 (1982); *Maira v. Stamm*, 488 N.Y.S.2d 914, 915 (4th Dep't 1985). Second, the Supreme Court also found that Mejia had a full and fair opportunity to litigate in front of the DHR the issue of whether HHC terminated her position because of her disability, and nothing in the record suggests that she lacked a full and fair opportunity to litigate her Article 78 petition.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4