19-1717-cv
*Yu v. Knighted, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:     JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.
             SUSAN L. CARNEY,
                      *Circuit Judges.*

---

SIJI YU,

                 *Plaintiff-Appellant,*                          19-1717-cv

                      v.

KNIGHTED, LLC, AN INTELLIGRATED COMPANY,

                 *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Siji Yu, *pro se*, Hopewell Junction, NY.

**FOR DEFENDANT-APPELLEE:**           Shira Franco, Sharon Cohen, Davis &
                                      Gilbert LLP, New York, NY.


Appeal from judgments of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and hereby are **AFFIRMED**.

Appellant Siji Yu, *pro se*, sued Knighted, LLC ("Knighted"), his former employer, for violations of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Fair Labor Standards Act ("FLSA").[1] Yu, who worked for Knighted as a senior database administrator, alleged that he faced discrimination based on his Asian ethnicity, Chinese national origin, and age (59 years) when he was not paid for mandatory overtime, did not receive an annual raise or a promotion, and was terminated in retaliation for challenging the alleged discrimination. Yu's FLSA claim was based on Knighted's failure to pay him for mandatory overtime.

On February 16, 2017, the District Court granted in part Knighted's motion to dismiss under Fed. R. Civ. P. 12(b), dismissing Yu's Title VII and ADEA discrimination and retaliation claims on the basis that they were barred by the doctrine of collateral estoppel. It denied Knighted's motion to dismiss with regard to Yu's FLSA claim. On May 13, 2019, the District Court granted Knighted's motion for summary judgment on Yu's FLSA claim, ruling that Yu was exempt from overtime protections as a highly compensated employee. Yu appeals, challenging both orders. Yu also challenges the District Court's denials of his successive motions for reconsideration of the collateral estoppel issue, which the court denied on January 9, 2018 and February 14, 2018. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's Rule 12(b)(6) dismissal *de novo*. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). We also review *de novo* a district court's collateral estoppel ruling. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). We review the denial of a motion to reconsider for abuse of discretion. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). Finally, we review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).

---

[1] Yu also raised claims pursuant to 42 U.S.C. §§ 1981, 1983, and New York State Human Rights Law, which the District Court dismissed. The District Court liberally construed Yu's complaint as raising a claim under 42 U.S.C. § 1985(3) and dismissed that claim as well. Yu has now abandoned these claims because he does not challenge the District Court's dismissal in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

## I. Discrimination and Retaliation Claims

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York preclusion law to New York state court judgments. *See Hoblock*, 422 F.3d at 92–93. New York law provides that collateral estoppel, or issue preclusion, will apply if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Id.* at 94 (internal quotation marks omitted). The Supreme Court has held that collateral estoppel applies to discrimination claims previously litigated in a proceeding under N.Y. C.P.L.R. Article 78. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 484 (1982).

In February 2015, Yu filed a complaint with the New York State Division of Human Rights ("NYSDHR") against Knighted, alleging that it discriminated against him on the basis of national origin, race/color, and age, and retaliated against him for making complaints about that discrimination. The NYSDHR ruled against Yu, finding there was no probable cause to support the discrimination complained of. Under Article 78, Yu appealed that ruling to a New York state court, which upheld the ruling after reviewing the record and determining that Yu had a full opportunity to present his discrimination and retaliation claims to the NYSDHR, and that the agency's determination was not arbitrary and capricious. The District Court correctly ruled that Yu's Title VII and ADEA claims were collaterally estopped pursuant to Supreme Court's decision in *Kremer*. Accordingly, we affirm the District Court's February 16, 2017 judgment. *See also Mejia v. N.YC. Health & Hosps. Corp.*, 622 F. App'x 70 (2d Cir. 2015); *Yan Yam Koo v. Dep't of Bldgs. of City of N.Y.*, 218 F. App'x 97 (2d Cir. 2007).

As to Yu's motions for reconsideration, the standard for granting such motions is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* The District Court's denial of Yu's motion for reconsideration was not an abuse of discretion because Yu merely sought to relitigate the collateral estoppel issue and did not rely on evidence or controlling case law that the court had overlooked.

## II. FLSA Claim

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Determining if a FLSA exemption applies is mixed question of law and fact: "[t]he question of how the employees spent their working time is a question of fact. The question of whether their particular activities excluded them from the overtime benefits of the FLSA

3

is a question of law." *Pippins v. KPMG, LLP,* 759 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks omitted).

"Section 207(a)(1) of [the] FLSA requires that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 113–14 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). This general rule does not apply, however, to several types of employees, including individuals who are employed "in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). These include certain "[h]ighly compensated employees" as defined in FLSA regulations. 29 C.F.R. § 541.601.

For substantially the reasons stated in its May 13, 2019 Opinion and Order, we affirm the District Court's holding that Yu was an exempt employee under 29 C.F.R. § 541.601(a). The District Court properly held that there was no genuine dispute that Yu: (1) received an annual salary of at least $100,000; (2) "customarily and regularly" performed at least one of the exempt duties of an administrative or professional employee; and (3) exclusively performed non-manual office work. *See* 29 C.F.R. § 541.601.

On appeal, Yu argues that he was promised overtime pay that he has not received. Even assuming the truth of Yu's allegation, it does not affect our FLSA ruling. *See* 29 C.F.R. § 541.604(a)).

## CONCLUSION

We have reviewed all the arguments raised by Yu on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's February 16, 2017 judgment granting Knighted's motion to dismiss Yu's discrimination claims; the District Court's May 13, 2019 judgment granting Knighted's motion for summary judgment; and the District Court's orders of January 9, 2018 and February 14, 2018 denying Yu's successive motions for reconsideration of the collateral estoppel issue.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4